STOWELL *v.* JOHNSON.

1. COURTS — SUPERIOR COURT OF GRAND RAPIDS — JURISDICTION — EQUITY.

   The superior court of Grand Rapids has jurisdiction in equity cases if any of the parties to the suit reside in Grand Rapids (3 Comp. Laws 1929, § 16351).

2. SAME—JURISDICTION—PARTIES.

   A court which has jurisdiction of the parties in equity suit to set aside conveyance may decree a conveyance of real estate by those parties although the property be situated without its jurisdiction.

3. EXECUTORS AND ADMINISTRATORS—LICENSE TO SELL REALTY—NOTICE AND WAIVER OF CONSENT.

   Purpose of statute providing for notice to or waiver and consent by all persons interested in sale of real estate by executor or administrator is to permit all who are interested in the sale of the property to be present at hearing on petition for license to sell (3 Comp. Laws 1929, § 15802).

**4. SAME—NOTICE AND WAIVER OF CONSENT TO SALE OF REALTY.**

Notice and waiver of consent to sell real estate of an intestate's estate is binding only upon those who receive such notice where notice was given to and waiver of consent procured from only known heir at time of sale, there being neither personal notice nor publication to bar persons subsequently determined to be heirs (3 Comp. Laws 1929, §§ 15802, 15837).

**5. SAME—SALE OF REALTY—NOTICE—STATUTES.**

All heirs are entitled to notice of hearing on petition to sell real estate in accordance with statute and failure to give this notice is not substantial compliance intended by statute pertaining to validation of sale notwithstanding certain irregularities (3 Comp. Laws 1929, §§ 15802, 15837).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 20, 1937. (Docket No. 144, Calendar No. 39,497.) Decided June 29, 1937.

Bill by Myron R. Stowell, Mary S. Gough, John M. Stowell and Levant R. Brown against John Johnson and wife and Robert S. McAllister, administrator of the estate of Dana Stowell, deceased, to set aside a deed, for an injunction and an accounting. Bill dismissed. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Sigmund S. Zamierowski,* for plaintiffs.

*F. Roland Allaben* and *Martin D. Verdier,* for defendant McAllister, administrator.

SHARPE, J. This is an action to set aside a deed to lots 12 and 13 of Stowell's Terrace Addition to Comstock Park, Kent county, Michigan. Dana Stowell during his lifetime was a resident of Comstock Park which is just outside the city limits of Grand Rapids, Michigan. He died February 7, 1934,

intestate and, there being no known heirs at the time, defendant McAllister, public administrator for Kent county, was appointed administrator of the estate. July 16, 1934, an inventory was filed showing real estate, and personal property in the sum of $8,443.88 which consisted of mortgages, stocks, bonds, notes, an impounded account and $14.19 in cash. A hearing on claims was held and claims to the amount of $336.54 allowed and subsequently paid.

January 11, 1936, the administrator filed in probate court his petition to sell the real estate in question. The petition recited that the personal estate that had come into his hands amounted to $1,500 with no statement of the amount of personal estate remaining or of unpaid debts and prayed leave to sell the interest of the estate in the real estate valued at $400.

At the time the petition for leave to sell was filed, the only known heir was Lillian E. Babcock residing in Florida. Lillian E. Babcock had a son, Charles Babcock, to whom she gave a power of attorney to look after her entire interests in said estate. The petition for leave to sell; the oath before sale; the waiver of notice and consent to sell executed by Charles Babcock in behalf of the heir Lillian Babcock, the bond, the license to sell, the report of sale, and the order confirming sale were all filed in the probate court on January 11, 1936. The record shows that all documents required to be sworn to by the administrator were sworn to on January 7th, four days before filing the petition.

The probate court determined the value of the real estate to be $400 and the sale was made for that price to John and Orpha Johnson, two of the named defendants. The above property was appraised for inventory purposes in July, 1934, at $850. In 1935

it was assessed for taxation purposes at $800; and after the Johnsons purchased the property, they had it insured for $800. The two lots are each 40 feet by 108 feet. The house is a two-story frame building with a cement foundation.

In April, 1936, George C. Brown, as attorney-in-fact for certain heirs of Dana Stowell, brought suit in equity to have the deed set aside and for an accounting. The case was tried before Judge Taylor of the superior court of Grand Rapids and resulted in a dismissal of plaintiffs' bill of complaint. Plaintiffs appeal and contend that the superior court of Grand Rapids is without jurisdiction to try a cause involving real estate situated outside the city of Grand Rapids regardless of the residence of any party to the cause; that the probate court was without jurisdiction in granting the administrator a license to sell the real estate, because the petition to sell real estate failed to show an insufficiency of personal property to pay the debts of the estate, no personal notice, publication or waiver on the part of the heirs; because the oath and report of sale was sworn to four days before the petition to sell was filed; and because the sale price was grossly inadequate.

The statute governing the jurisdiction of the superior court of Grand Rapids is 3 Comp. Laws 1929, § 16351, and provides that that court has jurisdiction: "of all equity suits   *   *   *   in which any complainant or defendant shall be a resident of said city, or in which the subject matter of such suit is situate in said city." This statute clearly confers jurisdiction upon the superior court in equity cases if any of the parties to the suit reside in Grand Rapids.

In *Noble* v. *Grandin,* 125 Mich. 383, 387, we said:

"We think it is settled that, where the court has jurisdiction of the parties, it may decree a conveyance of real estate by those parties, although the property be situated in another State or country. Especially is this true where the title has been acquired by any species of *mala fides* practiced on the plaintiff. In *Muller* v. *Dows,* 94 U. S. 444, 449, the court, after speaking of the English chancery decisions, said:

"'It is here undoubtedly a recognized doctrine that a court of equity sitting in a State, and having jurisdiction of the person, may decree a conveyance by him of land in another State, and may enforce the decree by process against the defendant. True, it cannot send its process into that other State, nor can it deliver possession of land in another jurisdiction; but it can command and enforce a transfer of the title.'"

See, also, *Niemetta* v. *Teakle,* 210 Mich. 590.

Plaintiffs next contend that the sale was void because the probate court was without jurisdiction in confirming the sale of the real estate for the reasons above stated. The test of the validity of such a sale when contested by an heir is found in 3 Comp. Laws 1929, § 15837, which provides:

"In case of an action relating to any estate sold by an executor, administrator or guardian, in which an heir or other person claiming under the deceased, * * * shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings, provided it shall appear:

"1. That the executor, administrator or guardian was licensed to make the sale by the probate court having jurisdiction;

"2. That he gave a bond which was approved by the judge of probate, in case a bond was required upon granting a license;

"3. That he took the oath prescribed in this chapter;

"4. That he gave notice of the time and place of sale, as in this chapter, prescribed; and

"5. That the premises were sold accordingly, and the sale confirmed by the court, and that they are held by one who purchased them in good faith: *Provided,* That in all cases where any person, or those under whom he holds, has been in actual possession of any lands or premises for the period of ten years, holding and claiming under and by virtue of a deed executed by any executor, administrator or guardian, such deed shall be prima facie evidence of the regularity of all the proceedings from and including the application to sell such lands or premises, to the date and execution of the deed, inclusive."

Among other things, it is contended that proper notice was not given of the hearing on petition to sell. It is admitted that there was neither personal notice nor publication. The validity of the sale depends upon a waiver and consent of the only known heir at the time of the sale filed with the petition to sell the real estate which was filed January 11, 1936. The determination of heirs was not made until November 6, 1936.

Section 15802, 3 Comp. Laws 1929, provides for notice to or waiver and consent by "all persons interested in the estate." The purpose of the above statute is to permit all who are interested in the sale of the estate property to be present at such hearing. The notice and waiver of consent given in the case at bar is binding only upon those who received such notice. All heirs are entitled to the notice as is provided in the statute and the failure to give this notice is not the substantial compliance intended by 3 Comp. Laws 1929, § 15837. Having disposed of the case on this ground, we do not find it necessary to

discuss other grounds of error relied upon by plaintiffs.

The decree of the lower court is reversed and the cause remanded for further proceedings in accordance with this opinion. Plaintiffs may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.