*In re* STOWELL'S ESTATE.

STOWELL *v.* McALLISTER.

1. EXECUTORS AND ADMINISTRATORS—DETERMINATION OF HEIRS—
PARTICIPATION BY ADMINISTRATOR—EXTRA COMPENSATION.

Administrator had duty to appear in behalf of estate at hearing
to determine heirs where at first it was uncertain whether
decedent had any heirs at law, shortly one appeared, and, later,
four nonresidents of the State claimed to be heirs, even
though established heir was present at such hearing with her
attorney; hence allowance of extra compensation to admin-
istrator was proper.

2. SAME—EXTRA COMPENSATION—DEFENSE OF SUIT TO SET ASIDE
ADMINISTRATOR'S DEED.

Allowance of extra compensation to administrator for defending
suit brought by contestants to set aside his deed as admin-
istrator was proper since it was his duty, under the circum-
tances, to take part in behalf of his grantee.

3. SAME—EXTRA COMPENSATION—APPEARANCE IN PROCEEDINGS TO
RECOVER OVERPAID INHERITANCE TAX—DISCRETION OF PROBATE
JUDGE.

Allowance of extra compensation to administrator for his par-
ticipation in proceedings by contestants for refund of over-
payment on inheritance tax was within the discretion of the
probate judge who was fully acquainted with all of the cir-
cumstances, where administrator appeared with counsel after
having been served with citation to do so by contestants who
were successful in recovering refund from auditor general on
redetermination of tax paid by administrator on property in-
herited by deceased from his sister.

Appeal from Kent; Hartrick (George B.), J., pre-
siding. Submitted October 23, 1940. (Docket No.
87, Calendar No. 41,201.) Decided January 6, 1941.

In the matter of the estate of Dana Stowell, deceased. Robert S. McAllister, administrator, presented his final and supplemental final accounts. Myron R. Stowell and others, heirs, objected. From order of probate court allowing accounts, objectors appealed to circuit court. Modified. Objectors appeal. Affirmed.

*Sigmund S. Zamierowski,* for objectors.

*F. Roland Allaben,* for administrator.

WIEST, J. This is an appeal by heirs at law from allowance of extra compensation to the administrator and fees to his attorneys in the matter of the estate of Dana Stowell, deceased.

The estate was not large but involved considerable work on the part of the administrator and the probate court authorized him to employ counsel. The probate judge, in determining the matter, stated:

"This estate has been threshed out in this court, the circuit court twice, the superior court and the Supreme Court. The cost to the heirs has been terrific. * * * My conclusion is that the administrator should not be called upon to make the only sacrifice in cutting down the expenses charged in the final account."

The observation of the probate judge is well borne out by this record. The proofs support the findings of the circuit judge relative to services rendered and reasonableness of the charges allowed. The questions presented by appellants are limited to whether the services contested were such as can be charged to costs of administration.

At first it was uncertain whether Mr. Stowell had any heirs at law, but in a short time one appeared

and later four others in another State claimed to be heirs. Upon the hearing to determine whether they were heirs, the administrator appeared in behalf of the estate and it is claimed by the contestants that it was no part of his duties to do so. Under the circumstances it was the duty of the administrator to take part in the court determination of such heirship, even though the established heir was present with her attorney.

In 1936, contestants, as heirs at law of Dana Stowell, filed a bill in the superior court of Grand Rapids to set aside a deed by the administrator to one Johnson. The case was dismissed in the superior court and, upon appeal, reversed and remanded by this court. *Stowell* v. *Johnson,* 280 Mich. 627. The administrator defended that suit and contestants urge it was error to compensate him and his attorney for doing so. It was the duty of the administrator under the circumstances to take part in behalf of his grantee.

Bertha Stowell, sister of Dana, predeceased him and he inherited her estate. Contestants herein filed a petition in the probate court for redetermination of the inheritance tax paid by the administrator and a refund of overpayment. Citation was served on the administrator and he appeared with his counsel and took part in the hearing which involved a tax on property inherited by Dana from Bertha. The tax was redetermined and the auditor general refunded $404.43 to the administrator. Contestants claim the administrator should not be allowed any compensation for so appearing and taking part with his counsel. We think the allowance within the discretion of the probate judge who was fully acquainted with all of the circumstances.

Other questions stated have been considered and are without merit.

Judgment affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and BUTZEL, JJ., concurred. McALLISTER, J., did not sit.