NIEMETTA *v.* TEAKLE.

1. SPECIFIC PERFORMANCE—COURTS—EQUITY—JURISDICTION OF SUB-
JECT MATTER.

In a suit by the lessees for the specific performance of a
lease of property situate in the city of Detroit, after its
expiration, where plaintiffs prayed for the discharge of a
mortgage on property in Macomb county executed by them
to secure the faithful performance of the lease, the circuit
court of Wayne county had jurisdiction whether the ac-
tion was local or transitory, since the dispute arose over
property situate in said Wayne county, and both parties
resided therein and were before the court and subject to
its orders, and although under 3 Comp. Laws 1915, §
12340, subd. 12, it could not send its decree into Macomb
county and give it full force, it could compel defendant
to execute a release, which when placed on record would
give plaintiffs the relief they seek.

2. SAME—JURISDICTION—ADEQUATE RELIEF—PLEADING.

Where defendant had asked for no affirmative relief upon
the merits, he could not question the jurisdiction of the
court on the ground that it could not give him adequate
relief by decreeing foreclosure of the mortgage on prop-
erty situate in another county, since whether adequate
relief may be had is usually tested by the relief prayed
for in the pleadings, and not by what the parties may
conclude to ask for at some future time.

3. SAME.

In view of the fact that all parties were before the court
and no serious barriers in the way which would prevent
an equitable adjustment of the matters involved, the de-
cree dismissing the bill will be reversed and the cause
remanded to the court below for further proceedings.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted April 15, 1920. (Docket No. 86.) Decided
June 7, 1920.

Bill by Charles G. Niemetta and another against

Robert T. Teakle for the specific performance of a lease. From a decree dismissing the bill, plaintiffs appeal. Reversed, and remanded.

*Frederic T. Harward,* for plaintiffs.

*Charles R. Robertson,* for defendant.

BIRD, J. Defendant rented to plaintiff Charles G. Niemetta the "Olancho apartments," situate at 295 and 297 Cass avenue, in the city of Detroit, for five years at $300 a month, and gave him a written lease therefor. The lease contained a clause providing that plaintiff should, at his own expense during the continuance of the lease, keep the premises and every part thereof in as good repair as when taken. In order to secure the payment of the rent plaintiff deposited $300 with defendant which was to apply on and pay the rent for the final month of his term. In addition to this, plaintiff and his wife executed a mortgage in the sum of $2,000 on certain real property which he owned in the county of Macomb, and delivered the same to defendant to secure the faithful performance of the stipulations in the lease. The lease refers to the mortgage and provides for a discharge thereof upon performance of its conditions.

At the expiration of the lease plaintiff vacated the premises and demanded a release of the mortgage. Defendant refused to comply with the demand on the ground that plaintiff had not performed his engagement to keep the premises in repair, and for the further reason that he had committed waste on the premises. The parties being unable to agree as to their respective rights and duties, plaintiff filed this bill in the Wayne circuit court praying for a specific performance of the lease.

The issue on the merits before the chancellor was,

therefore, whether plaintiff had discharged his obligations under the lease. Considerable testimony was taken bearing thereon. At the close of the testimony defendant raised the question which he had given notice of in his plea and answer, that the court was without jurisdiction to decree adequate relief by reason of the fact that the mortgaged premises were situate in the county of Macomb. After some discussion the chancellor took defendant's view of the jurisdictional question and dismissed plaintiff's bill. Plaintiff is here on appeal insisting that the trial court was wrong in this conclusion.

Defendant, to support his plea, argues that plaintiff should have commenced his suit in the county where the mortgaged premises are situate, and cites the statute which provides that "every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject matter is local," etc. 3 Comp. Laws 1915, § 12340, subd. 12.

It is clear that the Wayne circuit court had jurisdiction of the controversy growing out of the lease because that dispute arose over property situate in Wayne county, and both parties resided therein and both were before the court. And this is true whether the action be local or transitory. If the chancellor had reached the conclusion that plaintiff had discharged his obligations under the lease, it is equally clear that he could have ordered defendant to execute a release of the mortgage, and had he refused he could have compelled obedience by attachment. *Noble* v. *Grandin*, 125 Mich. 383. In the case cited the Wayne circuit court refused to set aside a deed to lands in Missouri and order a reconveyance thereof, and the decree was reversed by this court. In doing so, the court cited, with approval, what was said in *Gardner* v. *Ogden*, 22 N. Y. 327 (78 Am. Dec. 192), on the power of the court to make decrees affecting property

beyond its jurisdiction. In part the New York case says:

"The supreme court of this State, as a court of equity, could not, therefore, take jurisdiction of an action for the recovery of lands situate in another State, where the proceeding was *in rem;* but, where it has jurisdiction of the proper parties, it may by its judgment or decree compel them to do equity in relation to lands located without its jurisdiction. The court in such case acts *in personam.* We regard this as so well settled by authority that it cannot longer be seriously questioned."

See, also, *Dunlap* v. *Byers,* 110 Mich. 109; *Niles* v. *Lee,* 169 Mich. 474.

In the instant case the court had jurisdiction of the parties and they were subject to its orders. It is quite true that, by reason of the statute cited, the Wayne circuit court could not send its decree into Macomb county and give it there the same force as a regularly executed release would have, but it could compel defendants to execute one, and when placed on record in Macomb county, plaintiffs would have the relief which they seek. Were this a suit *in rem,* counsel would be right in his contention that the court would be without jurisdiction to grant adequate relief because its decree filed in Macomb county would not operate to release the mortgage, and defendant could not be compelled to release because not before the court.

But defendant argues that the relief is not adequate because the Wayne county court could not decree foreclosure of his mortgage, if it should find plaintiff had not discharged his obligations under the lease. One very good answer to this is that defendant has asked for no such relief. The question whether adequate relief may be had is usually tested by the relief prayed for in the pleadings, and not by what the parties may conclude to ask for at some future time. Defendant

has asked for no affirmative relief upon the merits. But in the event that he had, and the court had found that the plaintiff had not discharged his obligations under the lease, the decree of the court would find the sum due defendant and order plaintiff to pay it as a condition of release. If the condition were not performed defendant could foreclose his mortgage by advertisement as the mortgage contains a power of sale which expressly authorizes him to foreclose by making a sale of the property at public vendue. In this way he would avoid further litigation.

To support his contention that the relief is inadequate counsel places much reliance on the case of *Wipfler* v. *Warren,* 163 Mich. 189. We think that case is clearly distinguishable from the one under consideration. There were other questions involved in that case beside the cancellation of a mortgage, as will be disclosed by the concluding language of the opinion:

"But to the extent that we are called upon to determine those issues, effective and complete determination involves a disposition of a fund still in the hands of a receiver of a court other than the court asked to render the required decrees."

In view of the fact that all parties were before the court we see no serious barriers in the way which would prevent the Wayne circuit court from compelling an equitable adjustment of the matters involved.

The decree will be vacated and the record remanded to the trial court for such further proceedings as are consistent with the rules and practice of that court. Plaintiffs will recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.