McHENRY *v.* VILLAGE OF GROSSE POINTE FARMS.

1. JUDGMENT—DEFAULT—IRREGULAR ENTRY—COURT RULES.
   Limitation of Court Rule No. 28, § 4 (1931), requiring applica-
   tion to set aside default to be made within six months after
   default is filed or entered, is inapplicable if said entry is
   irregular.

2. SAME—DEFAULT—IRREGULAR ENTRY.
   Default judgment *held,* irregularly entered where there was
   pending a motion to set aside service of process, order of
   default is missing, record does not disclose as to which of
   three defendants default was filed, reason for default is not
   shown, and there is no affidavit of nonappearance filed to
   support it.

Appeal from Wayne; Campbell (Allan), J.   Sub-
mitted October 12, 1933.   (Calendar No. 37,334.)
Decided December 29, 1933.

Assumpsit by James G. McHenry against Village
of Grosse Pointe Farms, a municipal corporation,
John T. Nichols and Paul H. Deming for legal serv-
ices.   Plaintiff reviews order setting aside default
judgment against defendant village by appeal in the
nature of mandamus.   Affirmed.

*Fred Dye,* for plaintiff.

*Henry Maurer* (*Edward B. Benscoe,* of counsel),
for defendant village.

NORTH, J.   The circuit judge upon motion of the
village of Grosse Pointe Farms, one of the defend-
ants herein, set aside a default judgment entered

against it and granted 15 days within which to plead. Leave having first been obtained, plaintiff reviews the order of the circuit judge by this appeal in the nature of mandamus.

The suit is in assumpsit for services rendered. An alias summons was issued October 23d, served October 30th, return of summons on the same day, and filed October 31, 1930. Defendant, meaning herein the village of Grosse Pointe Farms, appeared especially for the purpose of moving to vacate and set aside service of the alias summons. December 13, 1930, this motion was heard and "dismissed without prejudice." Docket entries disclose the next step in this cause was on January 14, 1931, when an order of defendant's default was filed. The cause was præciped as ready for trial and default judgment entered against defendant January 14, 1932. A little more than a year thereafter (February 2, 1933) defendant moved to set aside the default judgment. Among other reasons assigned in support of this motion are the following: that the cause was not regularly at issue when præciped for trial, that no order of default was on file when judgment was entered, and that the cause was then on the no-progress docket. The motion to vacate the judgment was heard April 1st, and granted May 3, 1933. Subsequently defendant's default was set aside, appearance entered and plea filed.

Appellant takes the position that there was personal service of process on defendant, that while there was a special appearance for the purpose of moving to set aside service of the alias summons still there was no general appearance by defendant, that its default was regularly entered, and since more than six months intervened prior to the motion to set aside the default the court was without

power to grant the motion under Court Rule No. 28, § 4 (1931), which provides:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed or entered."

The circuit judge who heard and granted this motion based his decision on a determination that the default was not regularly entered. If default was irregularly entered the six-months' limitation imposed by rule does not apply. *Whirl* v. *Reiner,* 229 Mich. 114; *Stanczuk* v. *Pfent,* 231 Mich. 689; *Standard Oil Co.* v. *Brukwinski,* 242 Mich. 49; *Foster* v. *Talbot,* 257 Mich. 489.

It appears from this record that the order dismissing defendant's motion to set aside the service of process was inadvertently entered. Counsel agreed in open court that the præcipe noticing this motion for hearing should be dismissed but that the motion to dismiss should stand for future hearing at the option of counsel. There is a docket entry, January 14, 1931, indicating a default was filed. But there were two other defendants in this case and there is nothing in the record which satisfactorily discloses whose default was filed or entered, nor is it disclosed whether the default was for failure to appear or failure to plead. Recitals contained in the judgment, if the judgment was irregularly entered, could not be used to supplement the record upon which entry of judgment is based. The order of default could not be found in the court file, and the circuit judge determined "it satisfactorily appears that no affidavit of nonappearance was filed

in support of the order of default." Except for irregularities above noted, the docket entries and files would have disclosed a pending motion to set aside service of process on defendant. Until disposition of this motion defendant's default could not be regularly entered. The holding by the circuit judge that the default was irregularly entered is sustained by the record; and his order in that particular is affirmed, with costs to appellee.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.