DUNDEE CEMENT COMPANY v SCHUPBACH BROTHERS, INC

Docket No. 78-5037. Submitted October 9, 1979, at Lansing.—Decided December 6, 1979.

Dundee Cement obtained a consent judgment against Schupbach Brothers, Inc., and a writ of garnishment was issued on D & C Builders, Inc., which denied garnishee liability to Schupbach. Dundee then obtained a default judgment against D & C for failure to disclose its liability and thereafter obtained a garnishment against Citizens Commercial & Savings Bank, which admitted liability to D & C and paid Dundee. D & C then moved to quash the writ of garnishment and to overturn the judgment which ordered Citizens Bank to pay Dundee. The Genesee Circuit Court, Ollie B. Bivins, Jr., J., granted the motion and ordered Dundee to repay Citizens Bank, to the account of D & C. Dundee appeals. *Held:*

1. The circuit court was correct in setting aside the default judgment and garnishment. The entry of a default provides the basis for entry of a default judgment, and in this case a default was never entered; therefore, the default judgment was void *ab initio.*

2. Overturning the invalid default judgment leaves the parties in the same position as before entry of that judgment. If the plaintiff does not obtain a valid default judgment, the matter shall proceed to trial. At trial, the court is directed to hear evidence regarding the piercing of the corporate veil of D & C.

Affirmed, and remanded for further proceedings.

1. Judgment — Default Judgment — Entry of Default.

The entry of a default provides the basis for entry of a default judgment; a default judgment was void *ab initio* where no default was entered (GCR 1963, 520).

2. Judgment — Default Judgment — Discovery Order — Refusal to Comply.

Entry of a default judgment is appropriate for refusal to comply with a discovery order.

References for Points in Headnotes
[1] 47 Am Jur 2d, Judgments § 1162.
[2] 23 Am Jur 2d, Depositions and Dsicovery § 260.

*Hooper, Hathaway, Fichera & Price* (by *Bruce T. Wallace* and *Mark R. Daane)*, for plaintiff.

*Robert J. White,* for defendant D & C Builders, Inc.

Before: R. B. Burns, P.J., and D. E. Holbrook, Jr. and P. J. Glennie,* JJ.

Per Curiam. This case arises from a contract action in which plaintiff obtained a consent judgment for $67,238.99 against Schupbach Brothers. A writ of garnishment was issued on D & C Builders, which denied garnishee liability. Based on what appeared to be a valid default judgment against D & C for failure to disclose, plaintiff obtained a garnishment against Citizens Commercial & Savings Bank for its admitted liability of $7,463.40 to D & C. The trial court granted garnishee defendant D & C's motion to quash the writ of garnishment and/or judgment, citing procedural defects regarding the default judgment, and ordered plaintiff to repay the $7,463.40 to D & C. Plaintiff appeals.

Plaintiff contends that a judgment against the garnishee defendant and an order requiring payment were properly signed by the circuit court judge and filed and that setting aside such a judgment must be done according to the provisions of GCR 1963, 520.4, which require defendant to demonstrate both good cause and a meritorious defense.

The problem is that the default was not regularly entered in accordance with GCR 1963, 520.7. The trial judge did not base his decision on the standards set forth in GCR 1963, 520.4 in setting

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

aside a default, but rather on the theory that without entry of a default there could not be a default judgment in existence.

In *McHenry v Grosse Pointe Farms*, 265 Mich 581; 251 NW 783 (1933), no order of default was on file when judgment was entered. The irregularly entered default judgment was set aside more than a year later despite a court rule which prohibited setting aside a default judgment six months after the filing date.

Similarly, in the instant case, plaintiff did not comply with the court rules. The default was not entered, therefore the default judgment was void *ab initio.* The entry of a default provides the basis for the entry of the default judgment. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 655.

In so ruling we do not leave plaintiff without a remedy. The parties are merely returned to the positions they held prior to entry of the invalid default judgment. While the entry of a default judgment is appropriate for refusal to comply with a discovery order, *Philips Industries, Inc v Smith,* 90 Mich App 237; 282 NW2d 788 (1979), whether plaintiff ultimately obtains same remains to be seen. If not, the court shall proceed to trial on the issue of the garnishee's liability in accordance with GCR 1963, 738.11(4).[1]

Moreover, if the court proceeds to trial, it shall hear evidence regarding the appropriateness of piercing the corporate veil of garnishee defendant

---

[1] GCR 1963, 738.11(4) provides:

"Upon the trial of the issue of the garnishee's liability, the plaintiff may offer the record of the garnishment proceedings or any other competent evidence supporting or controverting it. The garnishee may offer any competent evidence not controverting the disclosure, or in the discretion of the court, he may be allowed to show errors and mistakes in the disclosure."

for we hold that the trial judge erred by refusing to hear evidence relative thereto, as requested by the plaintiff.

The prima facie case for piercing was presented by sworn deposition testimony of Richard Cocke, which tended to establish that D & C, Schupbach Brothers, and Richard Cocke had no independent existence. Nevertheless, there is not an adequate record upon which this Court could base a decision for piercing of the corporate veil. *Herman v Mobile Homes Corp,* 317 Mich 233, 243; 26 NW2d 757 (1947), held:

"In determining whether the corporate entity should be disregarded and the parent company held liable on the contracts of its subsidiary because the latter served as a mere instrumentality or adjunct of the former, each case is *sui generis* and must be decided in accordance with its own underlying facts."

Thus, when the facts of each case are so significant to the outcome, a full scale trial on the merits is essential to allow the judge to see and hear individual witnesses and also to allow opposing counsel the opportunity of cross-examination.

The trial court's vacation of the default judgment is affirmed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.