EMMONS v EMMONS

Docket No. 70259. Submitted February 15, 1984, at Lansing.—Decided
    July 9, 1984.

> Debra O. Emmons filed a divorce action against Michael B.
> Emmons in Tuscola Circuit Court. A property settlement was
> agreed to and read into the record. Defendant's attorney then
> withdrew his pleadings and defendant left the courtroom.
> Plaintiff testified regarding the breakdown in the marriage
> relationship and the court, W. Wallace Kent, Jr., J., granted
> the divorce and stated that the terms of the property settle-
> ment which was placed on record would be incorporated into
> the divorce judgment. Defendant thereafter refused to approve
> the judgment of divorce drafted by plaintiff, and plaintiff moved
> for entry of a default judgment of divorce and for the court to
> appoint a receiver to dispose of the parties' Florida condomin-
> ium. Plaintiff argued that defendant had defaulted by with-
> drawing his answer and counter-complaint for divorce on the
> record in open court. At hearings on plaintiff's motion, defen-
> dant's attorney stated that defendant would not agree to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 428.

[1, 4] 47 Am Jur 2d, Judgments § 1173 et seq.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 429, 461.

　46 Am Jur 2d, Judgments §§ 739, 740.

[3] 46 Am Jur 2d, Judgments § 708 et seq.

[4] 47 Am Jur 2d, Judgments § 1155 et seq.

[5] 24 Am Jur 2d, Divorce and Separation § 320.

　54 Am Jur 2d, Military, and Civil Defense § 344.

[6] 24 Am Jur 2d, Divorce and Separation §§ 467, 502, 877, 950.

[7] 20 Am Jur 2d, Courts §§ 134-136.

　24 Am Jur 2d, Divorce and Separation § 785.

　65 Am Jur 2d, Receivers § 159.

　66 Am Jur 2d, Receivers § 269.

　Appointment or discharge of receiver for marital or community
　property necessitated by suit for divorce or separation. 15
　ALR4th 224.

[8] 24 Am Jur 2d, Divorce and Separation §§ 779, 950.

　Power of divorce court to deal with real property located in another
　state. 34 ALR3d 962.

judgment because he could not raise the money necessary to buy plaintiff's equity interest in the Florida condominium as he had agreed to do in the property settlement. The court ruled that it would uphold the property settlement agreement and appoint a receiver to sell the Florida condominium and entered a default judgment of divorce. The court then appointed a receiver to sell the Florida property. Defendant petitioned to set aside the default judgment of divorce on the grounds that the judgment was void because plaintiff had failed to enter a default and had failed to file a nonmilitary affidavit. Defendant also argued that the court had no jurisdiction over the Florida property and that the order placing a lien on the property and appointing a receiver to sell the property was void. Plaintiff bid on the property within the terms of the ordered receivership and filed a motion requesting an order compelling defendant to convey the Florida property to plaintiff. The court denied defendant's motion to set aside the default judgment of divorce and ordered defendant to convey title to the Florida property to plaintiff. Defendant appeals. *Held:*

1. Plaintiff's failure to file a pleading labeled "default" cannot be considered a substantial defect or irregularity in the proceedings. Defendant had full knowledge of the default and, in effect, entered it himself by withdrawing his pleadings.

2. Defendant's argument that plaintiff's failure to file a nonmilitary affidavit is good cause to set aside the default judgment of divorce is meritless since defendant filed an appearance in this case.

3. The default judgment of divorce improperly included an order placing a lien on the Florida property. The lien provision of the judgment is invalid and void because it affects property outside of Michigan. The court could, however, compel defendant to convey title to the property to plaintiff by exercising its in personam jurisdiction over defendant.

The default judgment of divorce is affirmed in part and reversed in part. The order appointing a receiver is affirmed in part and reversed in part. The order compelling defendant to convey title of the Florida property to plaintiff is affirmed. The case is remanded for further proceedings.

1. DIVORCE — DEFAULT JUDGMENTS — COURT RULES.

   A default judgment of divorce must be entered procedurally pursuant to the court rule on defaults (GCR 1963, 520, 728.2).

2. JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS.

   A defendant must show good cause and a meritorious defense before a trial court may set aside a default judgment.

3. Judgments — Default Judgments — Relief From Judgments — Good Cause.

    Good cause sufficient to warrant setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand.

4. Judgments — Statement of Default — Court Rules.

    The entry of a statement of default by the clerk is a ministerial act that may be accomplished without giving prior notice to the defaulted party; however, the defaulted party should receive notice after the filing of the default so that he or she may have the opportunity to move to set aside the default if he or she so chooses (GCR 1963, 107.1[1]).

5. Judgments — Default Judgments — Nonmilitary Affidavits.

    The filing of a nonmilitary affidavit is not a necessary prerequisite to the entry of a default judgment in a case where the defendant files an appearance.

6. Divorce — Property Settlements — Jurisdiction of Court.

    Provisions of a property settlement which exceed the jurisdiction of the court are void and of no effect even though the parties include the provisions by consent.

7. Courts — Circuit Courts — Receivers.

    Circuit court judges have jurisdiction to appoint receivers where allowed by law (MCL 600.2926; MSA 27A.2926).

8. Courts — Jurisdiction — Out of State Property.

    A Michigan court can not directly affect title to property outside the state by its orders, but it can order the owner of out of state property to transfer title of the property by exercising its in personam jurisdiction over the owner.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C. (by Gerald V. Padilla and Raymond W. Morganti), for plaintiff.*

*House & Schrope (by Brian R. Schrope), for defendant.*

Before: Danhof, C.J., and Hood and Shepherd, JJ.

PER CURIAM. Defendant appeals as of right from the trial court's orders denying his motion to set aside a default judgment of divorce and compelling the transfer of property.

Defendant admitted all the material allegations in plaintiff's complaint for divorce except for a denial of joint ownership of bank accounts, stocks, or brokerage accounts. Defendant and his attorney were present at the pretrial conference in August, 1982. The parties agreed to a property settlement and plaintiff's attorney read it into the record. Defendant's attorney stated on the record that plaintiff's attorney had properly read the terms of that agreement. Under the terms of the property settlement, plaintiff retained the parties' business and defendant retained title to the parties' Florida condominium, valued at $95,000. Defendant agreed to pay plaintiff one-half of the equity in the condominium at the time of the divorce and to take over the mortgage payments. Defendant agreed to pay plaintiff her equity interest in the condominium in three installments: (1) $21,500 by August 28, 1983; (2) $5,000 by May 1, 1983, at 10% interest; and (3) $6,000 by July 1, 1984, at 10%. The parties also agreed that plaintiff would retain a lien on the Florida condominium with full rights to foreclose and execute on a foreclosure until the defendant paid his debts.

After the parties placed the property settlement on the record, defendant's attorney stated:

"Now if Mr. Padilla [plaintiff's attorney] is going to enter his proofs, I would move at this time to withdraw my pleadings and, therefore, free him to do so."

Plaintiff did not object, and the trial court granted defendant's motion to withdraw his plead-

ings. Defendant's attorney then asked defendant if he wanted to leave and defendant stated, "Yah, we have a long ways to go".

Plaintiff then testified regarding the breakdown in the marriage relationship. Following her testimony, the trial court granted the divorce and said the terms of the property settlement that the parties placed on record would be incorporated into the judgment of divorce. The court retained jurisdiction to enforce the property settlement.

Defendant refused to approve the judgment of divorce drafted by plaintiff. On August 25, 1982, plaintiff moved for entry of a default judgment of divorce and for the appointment of a receiver to dispose of the Florida property. Plaintiff attached the proposed default judgment of divorce which provided that defendant had defaulted by withdrawing his answer and countercomplaint for divorce on the record in open court.

The trial court heard arguments on plaintiff's motions on September 10, 1982. Defendant's attorney stated that defendant would not agree to the judgment because he could not raise the $21,500 he agreed to pay. The trial court ruled that, because defendant did not show fraud, duress, or mutual mistake, it would uphold the agreed-upon property disposition. The trial court also agreed to appoint a receiver to sell the Florida condominium. Defense counsel disputed the amount plaintiff should be entitled to receive after the sale of the property, but did not object to either the appointment of a receiver or the sale of the property.

The trial court entered a default judgment of divorce on October 8, 1982, which provided plaintiff a lien on the Florida property until defendant paid his debts in full. On October 10, 1982, the trial court entered an order appointing a receiver

and instructing the receiver to sell the Florida property.

On December 6, 1982, defendant petitioned to set aside the default judgment of divorce. Defendant averred that the default judgment was void because plaintiff failed to enter a default, GCR 1963, 520.1 and 520.7, and failed to file a nonmilitary affidavit, GCR 1963, 520.3. Defendant also argued that the judgment provision creating a lien on the Florida property was void because such an order was outside the trial court's jurisdiction and a receiver could not sell property outside the trial court's jurisdiction.

Plaintiff filed a motion on December 23, 1982, requesting an order compelling defendant to convey the Florida property to plaintiff. Plaintiff had bid on the Florida property within the terms of the ordered receivership. Following hearing on defendant's and plaintiff's motions on March 11, 1983, the trial court ordered defendant to convey title to the condominium to plaintiff and denied defendant's motion to set aside the default judgment of divorce.

On appeal defendant argues that the trial court erred by failing to grant his motion to set aside the default judgment and erred by ordering a lien on the Florida property.

A default judgment of divorce must be entered procedurally pursuant to GCR 1963, 520. See GCR 1963, 728.2. GCR 1963, 520.1 provides:

"Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the person seeking the relief or his attorney *shall enter the default of that party by filing with the clerk a statement called a default,* signed by the person seeking the relief or his

attorney, stating that default is entered and stating the reasons therefor. Once a default of any party has been duly filed or entered, that party shall not proceed with his case until his default has been set aside by the court in accordance with subrule 520.4." (Emphasis added.)

Defendant argues that because plaintiff never filed a default, the default judgment is void *ab initio.* We disagree.

Before a trial court may set aside a default judgment, the defendant must show good cause and a meritorious defense. *Deeb v Berri,* 118 Mich App 556, 561; 325 NW2d 493 (1982).

"Good cause sufficient to warrant setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand." *Deeb, supra.*

Defendant argues that plaintiff's failure to file and enter a default as required by court rule was a substantial defect or irregularity in the proceedings and that he thus showed good cause to set aside the default judgment.

The entry of a default pursuant to GCR 1963, 520.1 is generally a ministerial act of a court clerk accomplished without giving prior notice to the defaulted party. *Deeb, supra,* p 562. A defaulted party who has appeared in the case should receive notice of the entry of default in order to have the opportunity to move to set it aside if he or she so chooses. *Id.* Although plaintiff failed to enter a default in this case, the default occurred in open court and on the record when *defendant* moved to have his pleadings withdrawn. Thus, the spirit and

purpose of GCR 1963, 520.1 was met. Not only did defendant have notice of a default but defendant, in effect, entered that default himself in open court. Under these circumstances, the failure to file a pleading labeled "default" can hardly be considered a substantial defect or irregularity in the proceedings.

Moreover, defendant has not shown how he is prejudiced by this procedural defect preceding the trial court's entry of the default judgment of divorce. Section 2315 of the Revised Judicature Act, MCL 600.2315; MSA 27A.2315, provides:

"When a verdict has been rendered in a cause, the judgment thereon shall not be stayed, nor shall any judgment upon confession, or *default,* be reversed, impaired, or in any way affected, by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, record or proceedings, namely:

\* \* \*

"(11) For any other default or negligence of a clerk or officer of the court, *or of the parties,* or their counselors or attorneys, by which neither party shall have been prejudiced." (Emphasis added.)

Defendant does not argue that he was prejudiced by plaintiff's failure to enter a default. Nor could defendant make such an argument given that his actions amounted to an express consent to a default and, ultimately, to entry of a default judgment of divorce.

We find defendant's reliance upon *McHenry v Village of Grosse Pointe Farms,* 265 Mich 581; 251 NW 783 (1933), and *Dundee Cement Co v Schupback Bros, Inc,* 94 Mich App 277; 288 NW2d 379 (1979), misplaced. In *McHenry,* the Court considered many factors as good cause to set aside the

default judgment in addition to plaintiff's failure to enter a default. Moreover, the defendant in that case did show how it was prejudiced by the procedural error in that case. In *Dundee,* this Court did state, relying on *McHenry,* that "[t]he default was not entered, therefore the default judgment was void *ab initio".* 94 Mich App 279. The *Dundee* Court did not consider whether defendant was prejudiced by the procedural defect. To the extent *Dundee* may be read as creating any per se rule of good cause to reverse a default judgment due to a procedural defect of failure to enter a default, we disagree with it. *McHenry* does not state such a rule, and such a per se rule is contrary to § 2315 of the Revised Judicature Act.

Defendant's argument that plaintiff's failure to file a nonmilitary affidavit, GCR 1963, 520.3, is good cause to set aside a default judgment of divorce is meritless. Defendant filed an answer and an appearance and later withdrew only his pleadings, *i.e.,* answer. Where a defendant files an appearance, a nonmilitary affidavit is not a necessary prerequisite to the entry of a default judment. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 660.

As to defendant's second argument, we agree that the default judgment of divorce improperly includes an order placing a lien on the Florida property. However, this finding does not affect the result in this case.

Where the provisions of a property settlement exceed the jurisdiction of the court, those portions are "void and of no effect for want of jurisdiction * * *." *Flynn v Flynn,* 367 Mich 625, 631; 116 NW2d 907 (1962). Such provisions are void even though the parties include the provisions by consent. *Rex v Rex,* 331 Mich 399, 409; 49 NW2d 348

(1951). Thus, the lien provision in this default judgment of divorce, because it affects property outside of Michigan, is invalid and void.

However, although the trial court in this case could not order a lien on the Florida property, it could compel defendant to do equity in relation to the property outside its jurisdiction by exercising its in personam jurisdiction over defendant. *Niemetta v Teakle*, 210 Mich 590; 178 NW 37 (1920).

The trial court had the authority to appoint a receiver to direct the sale of the Florida property. Section 2926 of the Revised Judicature Act grants circuit court judges jurisdiction to appoint receivers where allowed by law. MCL 600.2926; MSA 27A.2926. Section 6104 of the Revised Judicature Act states:

"After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
* * *
"(4) *Appoint a receiver of any property the judgment debtor has or may thereafter acquire * * *.*"

This section authorizes a trial court to appoint a receiver after a defendant defaults on installment payments pursuant to a divorce decree. *Boucher v Boucher*, 34 Mich App 213; 191 NW2d 85 (1971).

However, because a Michigan court may not directly affect title to property outside the state by its orders, a receiver appointed by a Michigan court may not transfer out-of-state property. *Pontiac Trust Co v Newell*, 266 Mich 490; 254 NW 178 (1934). Therefore, the provision in the trial court's order appointing a receiver which permits the receiver to file the divorce judgment in place of title to the Florida property is invalid and void.

However, the receiver in this case never attempted to transfer title or act upon the above invalid provision. Rather, the receiver merely solicited buyers, in this case plaintiff. Defendant continues to retain title. Furthermore, defendant concedes that the trial court's order compelling him to transfer title of the Florida property to plaintiff was an in personam, not in rem, action. Consequently, the receiver's action and the trial court's order compelling defendant to transfer title were properly within the trial court's jurisdiction.

The default judgment of divorce is affirmed in part and reversed in part. The order appointing a receiver is affirmed in part and reversed in part. The order compelling defendant to convey title of the Florida property to plaintiff is affirmed. Remanded, for further proceedings consistent with this opinion. We do not retain jurisdiction.