Lawrence FRIEDMAN, C. William Garratt, and C. William Garratt & Associates, P.C., and GA II, P.C., Plaintiffs,

v.

FRIEDBERG LAW CORPORATION, Defendant.

Civil Action No. 96–40053.

United States District Court, E.D. Michigan, Southern Division.

May 29, 1998.

C. William Garratt, Garratt Law Firm, Bloomfield Hills, MI, for Plaintiffs.

Mark S. Koppelman Michael K. Lee, Amberg, McNenly, Southfield, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO BAR UNPLEADED AVOIDANCES AND AFFIRMATIVE DEFENSES AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On April 17, 1995, plaintiffs Lawrence A. Friedman, C. William Garratt, C. William Garratt and Associates, P.C. and GA II, P.C.[1] filed this two-count action against defendant Friedberg Law Corporation ("FLC") in the Circuit Court for the County of Oakland, State of Michigan. The action was subsequently removed to this court based upon diversity of citizenship.

Presently before this court are two motions: (1) a motion by plaintiffs to bar defendant FLC from asserting unpleaded avoidances or affirmative defenses at trial, and (2) a motion by defendant FLC for summary judgment. Oral argument on these two motions was held on Wednesday, May 20, 1998. For the following reasons, this court will deny plaintiffs' and defendant's motions.

---

1. The last two entities were formerly known as "Garratt & Morris, P.C."

## FACTS

On June 30, 1993, the Honorable David F. Breck of Oakland County Circuit Court entered a $125,000 judgment confirming a previous arbitration award in favor of C. William Garratt & Associates, P.C. and GA II, P.C. and against John Z. DeLorean ("JZD") (Civil Action Number 91–416860–CZ). Plaintiff Lawrence Friedman was appointed receiver for JZD and his assets. On October 27, 1993, Judge Breck entered an order ("Breck Injunction") restraining JZD:

> from making or suffering any transfer or other disposition of, or interference with, any property now held or hereafter acquired by him, or by others in trust or otherwise, or any debt due or to become due to him, not exempt by law from application of the satisfaction of that certain judgment entered by this Court on June 30, 1993 . . . [2]

In a matter wholly unrelated to the previously-described state court matter, JZD was sued by Attorney Mayer Morganroth in the United States District Court for the Eastern District of Michigan. Defendant FLC, a California corporation, was lead counsel for JZD in that lawsuit. In connection with that litigation, JZD transferred to FLC approximately $890,000 between October, 1993 and May, 1994. Plaintiffs allege that FLC, acting as an agent and attorney for JZD and/or in active concert and participation with JZD, encouraged and permitted JZD to transfer such monies in violation of the Breck Injunction.

## PROCEDURAL HISTORY

In April 1995, plaintiffs filed this two-count action against FLC. At Count One, plaintiffs allege conversion, and specifically that FLC encouraged JZD to transfer monies to FLC in violation of the Breck Injunction thereby converting plaintiffs' right to be paid first from JZD's assets. At Count Two, plaintiffs allege tortious interference with economic expectancy. In particular plaintiffs allege that FLC, when it received money from JZD, tortiously interfered with plaintiffs' expectancy to be paid first from JZD's assets.[3] Both plaintiffs' claims are predicated upon an alleged violation by FLC of the Breck Injunction.

At the Joint Final Pretrial Conference held on February 2, 1998, it became apparent that there was a dispute between the parties concerning the issues to be litigated at trial. In the Joint Final Pretrial Order and at the Joint Final Pretrial Conference, FLC asserted that among the issues to be litigated at trial were: (1) whether the Breck Injunction was enforceable outside the State of Michigan where the transfers at issue from JZD to FLC took place, and (2) whether the Breck Injunction was enforceable against FLC, a non-party to the state proceedings. Plaintiffs vigorously objected to litigating such issues at trial. Plaintiffs contended that defendant FLC waived litigating such issues by not listing them in its Answer or Affirmative Defenses.

At the Joint Final Pretrial Conference, this court determined that it would be best to resolve the aforementioned dispute by way of motions prior to trial. After the Joint Final Pretrial Conference, the parties filed their respective motions. The instant opinion and order sets forth this court's ruling on those motions.

## ANALYSIS

### PLAINTIFFS' MOTION TO BAR UN-PLEADED AVOIDANCES AND AFFIRMATIVE DEFENSES

The first motion before this court is a motion by plaintiffs to bar defendant FLC

---

**2.** In a related malicious prosecution action, the Honorable Gene Schnelz of Oakland County Circuit Court entered a $100,000 judgment on March 15, 1994 in favor of C. William Garratt and against JZD (Civil Action No. 93–456026). On May 25, 1994, Judge Schnelz entered an injunction similar to the Breck Injunction, which restrained JDZ:

> and those in concert with him . . . from making or suffering any transfer, encumbrance, secretion, or other disposition of, or interference with, any property, assets, debts due or to

become due, or other things of value now held of hereafter acquired by DeLorean or by others for [DeLorean in trust or otherwise, in which DeLorean] may have, had, or have had any legal or equitable interest.

**3.** Plaintiffs claim that the judgments they had obtained against JZD gave them, in effect, a security interest in JZD's assets that was superior to any interest that defendant FLC had in JZD's assets.

from asserting at trial two defenses which pertain to the enforceability of the Breck Injunction. Specifically, this motion is aimed at precluding defendant FLC from arguing: (1) the Breck Injunction was not violated in this instance since the transfers of money from JZD to FLC occurred outside the State of Michigan, and (2) FLC was not bound by the Breck Injunction because it was not a party to the state court proceeding in which the Breck Injunction was entered. Plaintiffs maintain that defendant FLC waived these defenses by not pleading them in its Answer or Affirmative Defenses.

Federal Rule of Civil Procedure 8(c) governs here, providing in pertinent part:

*[i]n a pleading to a preceding pleading, a party shall set forth affirmatively* accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and *any* other *matter constituting an avoidance or affirmative defense.*

Rule 8(c) does not define the term "avoidance or affirmative defenses," yet in *Campbell v. St. John Hospital,* the Michigan Supreme Court shed some light on the meaning of that term. In *Campbell,* the Michigan Supreme Court held that an "avoidance or affirmative defense" is "any matter that does not tend to controvert the opposing party's prima facie case as determined by applicable substantive law." 434 Mich. 608, 616, n. 4, 455 N.W.2d 695 (1990). *See also* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1271 (2d ed.1990).

■ Under the definition set forth in *Campbell,* the two defenses plaintiffs are now seeking to bar defendant FLC from asserting at trial would not be deemed "avoidances or affirmative defenses." The defenses merely controvert an element of plaintiffs' claims in much the same way that a defense of lack of causation controverts an element of a claim of negligence. Take, for instance, plaintiffs' claim of conversion. An element of such a claim is the *wrongful* exertion of dominion over another's personal property. *Trail Clinic, P.C. v. Bloch,* 114 Mich.App. 700, 705, 319 N.W.2d 638 (1982). Plaintiffs in the instant case intend to establish this element of "wrongfulness" by showing that FLC's receipt of money from JZD was in violation of the Breck Injunction. FLC's assertions that it did not violate the Breck Injunction because that Injunction was not binding on FLC and because the transfer of monies occurred outside Michigan do nothing more than controvert an element of plaintiffs' conversion claim. As such these assertions are not "avoidances or affirmative defenses" which were waived by FLC under Rule 8(c). FLC can legitimately assert these defenses now.

This court also finds that the equities militate against finding a waiver by FLC of the above-described two defenses. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1271 (2d ed.1990) (stating that courts often consider fairness when determining whether a defense must be pled under 8(c)). First, to a limited extent, one of the defenses FLC is now asserting was previously raised and therefore should not come as a total surprise to plaintiffs. Earlier in this litigation, the parties were before Magistrate Judge Pepe concerning an issue of attorney-client privilege. There was a great deal of discussion at that time regarding whether William M. Donovan, the attorney for JZD in the state lawsuit, told JZD that the Breck Injunction did not prohibit JZD from transferring property located outside of Michigan. This dispute regarding Donovan's alleged advice to JZD should have put plaintiffs on notice that a possible defense by FLC would be that the Breck Injunction was not violated since JZD transferred to FLC property located outside of Michigan.

This court further finds that plaintiffs will suffer no prejudice as a result of FLC's assertion of the above-described two defenses. Plaintiffs insist that they will be prejudiced because they have not conducted discovery on the factual issues relevant to the two defenses. Yet, with respect to one of the defenses, i.e, that the Breck Injunction is not enforceable against JZD's property outside of Michigan, this court cannot conceive of any

factual issue relevant to that defense which requires additional discovery. The only factual issue that defense implicates is whether JZD transferred property to FLC in Michigan or outside of Michigan. Discovery on that issue is complete. With respect to the other defense, i.e., that the Breck Injunction does not bind FLC, there are factual issues pertinent to that defense which have not been fully discovered. Yet plaintiffs will not be prejudiced by failing to previously pursue discovery on such issues because this court will allow plaintiffs (and defendant) the opportunity to do so now.[4]

For all the foregoing reasons, this court will allow defendant FLC to assert the two above-described defenses even though FLC did not specifically list them in its Answer or Affirmative Defenses. In order to alleviate any prejudice to plaintiffs from defendant FLC's assertion of one of the defenses and specifically the enforceability of the Breck Injunction against FLC, this court will grant the parties until September 4, 1998 to conduct discovery on any and all factual issues relevant to that defense. In regard to the other defense, i.e., that the Breck Injunction does not apply to transfers outside the State of Michigan, this court rejects it for reasons stated *infra.*

### FLC's Motion for Summary Judgment

Defendant FLC has filed a motion for summary judgment arguing that plaintiffs' claims fail as a matter of law because the Breck Injunction did not apply to JZD's transfers of money to FLC which are at issue in this lawsuit. As explained above, FLC asserts two reasons why the Breck Injunction did not reach the transfers at issue. First, FLC contends that the transfers took place outside the State of Michigan, and thus outside the reach of the Breck Injunction. Second, FLC argues that it was not bound by the Breck Injunction and therefore could not have violated it. This court will not now rule on FLC's latter contention since any ruling at this time would be premature. Plaintiffs insist that they need

more discovery on the factual issues relevant to that defense and this court has allowed plaintiffs (and defendant) until September 4, 1998 to conduct the requisite discovery. In regard to the former contention, however, no additional discovery is needed. Accordingly, this court will rule on the merits of that argument now. For the reasons discussed below, this court rejects FLC's argument that the Breck Injunction is unenforceable outside Michigan.

### *Whether the Breck Injunction Restrained JZD From Transferring Property Outside of Michigan*

■ FLC contends that the Breck Injunction was not violated in this instance because the property JZD transferred to FLC was located outside the State of Michigan. FLC asserts that the Breck Injunction only restrained JZD from transferring property in Michigan. In support of such an argument, FLC erroneously relies on *Emmons v. Emmons,* 136 Mich.App. 157, 355 N.W.2d 898 (1984).

In *Emmons,* a divorce action, the trial court placed a lien on defendant's real property located in Florida. The trial court also appointed a receiver to sell defendant's Florida property. The defendant appealed these orders. The Michigan Court of Appeals found that the trial court had improperly placed a lien on the Florida property. The appellate court reasoned that a court in Michigan does not have *jurisdiction over property located in Florida* and as such lacks the power to put a lien on the same. The Michigan Court of Appeals, however, found that the trial court was within its authority in appointing a receiver to sell the Florida property. The Michigan Court of Appeals recognized that a Michigan court, *by virtue of its in personam jurisdiction over the defendant,* could compel the defendant to transfer, sell or otherwise dispose of his Florida property. *Id.* at 166, 355 N.W.2d 898.

*Emmons* does not support FLC's argument that the Breck Injunction is unenforce-

---

4. For instance, one factual issue germane to that defense is whether FLC was an "agent" of JZD for purposes of Michigan Court Rule 3.310(C)(4) which provides that an injunction is binding

upon "agents" of parties to the action who receive "actual notice" of the injunction. Plaintiffs (and defendant FLC) can now engage in discovery on that issue.

able against property located outside of Michigan. Just as the Michigan court in *Emmons* had authority to order the defendant, by way of its personal jurisdiction over him, to transfer, sell or otherwise dispose of real property in Florida, Judge Breck had the power to enjoin JZD, his agents, attorneys and those acting in active concert and participation with them from making or suffering any transfer or other disposition of, or interference with property located outside of Michigan.

In short, the fact that JZD transferred property outside of Michigan to FLC is of no consequence to the issue of whether FLC violated the Breck Injunction. FLC's motion for summary judgment on such grounds fails.

### ORDER

**IT IS HEREBY ORDERED** that plaintiffs' motion to bar defendant from asserting unpleaded avoidances or affirmative defenses at trial is **DENIED.**

**IT IS FURTHER ORDERED** that all parties be allowed until September 4, 1998 to conduct discovery on the issue of whether defendant was bound by the Breck Injunction under Michigan Court Rule 3.310(C)(4), that defendant's motion for summary judgment on such grounds is DENIED without prejudice, and that plaintiffs and defendant be allowed until September 11, 1998 to re-file motions for summary judgment regarding this issue.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment on the grounds that the Breck Injunction is unenforceable outside Michigan is DENIED with prejudice.

**SO ORDERED.**