# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALLY FINANCIAL, INC.,

Plaintiff-Appellee,

v

BENNIE G. ELLIS, JR., BLUE WATER
PARTNERSHIP GROUP, LLC, VINNY
GEBELLO, PLATINUM IMAGE
MOTORSPORTS, LLC, and SKIP VINCENTE,

Defendants,

and

DETROIT SEAFOOD MARKET, LLC,

Garnishee-Defendant-Appellant.

UNPUBLISHED
October 17, 2017

No. 332408
Wayne Circuit Court
LC No. 11-000257-PD

---

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Garnishee-defendant, Detroit Seafood Market, LLC (Detroit Seafood), appeals by delayed leave granted an order denying its motion to set aside a default judgment entered in favor of plaintiff, Ally Financial, Inc., in this action involving postjudgment periodic garnishment proceedings. We affirm.

On April 8, 2011, a default judgment in the amount of $58,696.37 was entered in favor of plaintiff against defendant Bennie G. Ellis, Jr., an employee of Detroit Seafood. On October 1, 2015, plaintiff applied for a writ of periodic garnishment of Ellis's wages at Detroit Seafood in the amount of $17,063.64, and the trial court issued the garnishment. On October 3, 2015, the writ was served on Detroit Seafood by registered or certified mail sent to "ATTN: PAYROLL" at 1435 Randolph, Detroit, (the physical location of Detroit Seafood's restaurant). On October 7, 2015, the signed return receipt was received by plaintiff's attorney. On October 20, 2015, plaintiff's attorney sent a letter to the same address, stating that the required garnishment disclosure was not received. On November 16, 2015, the trial court entered a default judgment against Detroit Seafood in the amount of $17,063.64. On that same date, plaintiff sent a letter to

-1-

Detroit Seafood notifying it of the default judgment. After Detroit Seafood took no action, on December 14, 2015, the court entered an order to seize property of Detroit Seafood. On December 18, 2015, the court officer collected a check in the amount of $18,851 from Detroit Seafood.

On December 23, 2015, Detroit Seafood filed a motion to set aside the default judgment, arguing that the judgment was void because plaintiff failed to comply with the procedures set forth in MCL 600.4012(6)-(10). Detroit Seafood argued that plaintiff failed to serve it at its registered office in person or by registered or certified mail, as required by MCR 2.105(A). Detroit Seafood relied on an affidavit of its registered agent, attesting to the fact that he was never served with any of the relevant pleadings. But Detroit Seafood admitted that it "was made aware of the existence of a judgment on November 16, 2015 by a letter sent" to it by plaintiff. Detroit Seafood also claimed to have filed a garnishee disclosure, and argued that it was prejudiced by plaintiff's failure to properly serve the pleadings. Detroit Seafood contended that the default judgment should be set aside based on its showing of good cause and a meritorious defense.

On January 19, 2016, plaintiff filed a response to Detroit Seafood's motion to set aside the default judgment. Plaintiff argued that Detroit Seafood could not establish good cause because plaintiff followed proper garnishment procedures in that it served Detroit Seafood with the periodic garnishment by sending the garnishment to its business establishment via certified mail and the signed certified mail receipt was returned. Further, plaintiff argued, Detroit Seafood acknowledged that it was aware of the garnishment, and also claimed to have filed a garnishee disclosure which was not in the court's records or plaintiff's file. Finally, plaintiff argued that Detroit Seafood's motion was untimely under MCL 600.4012(10) because it was filed more than 21 days after the default judgment was entered.

On January 20, 2016, Detroit Seafood filed a reply, arguing that plaintiff purportedly complied with an outdated court rule and failed to attach any exhibits to its response. Detroit Seafood further argued that there was no evidence that an agent of Detroit Seafood was served, and the affidavit asserting that the disclosure was made was unrefuted. Finally, Detroit Seafood argued that plaintiff could not complain about the timeliness of a motion to set aside a default judgment that was wrongfully obtained.

On January 22, 2016, the trial court adjourned the matter. On that same date, plaintiff filed exhibits to its response in opposition to Detroit Seafood's motion to set aside the default judgment. On February 4, 2016, Detroit Seafood filed a supplemental brief, arguing that none of plaintiff's exhibits established its compliance with MCR 3.101(S) or MCL 600.4012(6)-(10).

On February 5, 2016, the trial court denied Detroit Seafood's motion, holding that Detroit Seafood was served. Subsequently, an order was entered denying the motion to set aside the default judgment.

On February 26, 2016, Detroit Seafood filed a claim of appeal which was dismissed for lack of jurisdiction because it was not timely filed. *Ally Fin, Inc v Ellis*, unpublished order of the Court of Appeals, entered March 9, 2016 (Docket No. 331714). This Court noted that the claim of appeal was not filed within 21 days after entry of the default judgment and the motion for

-2-

postjudgment relief was not filed within the initial 21-day period or within further time allowed by the trial court; therefore, Detroit Seafood was not entitled to an appeal by right. See MCR 7.204(A)(1).

On April 8, 2016, Detroit Seafood filed an application for delayed appeal, which was granted. *Ally Fin, Inc v Ellis*, unpublished order of the Court of Appeals, entered August 31, 2016 (Docket No. 332408).

On appeal, Detroit Seafood argues that the trial court abused its discretion by denying its motion to set aside the default judgment because, as required under MCR 2.603(D), it had shown good cause and a meritorious defense sufficient to set aside the default judgment. Detroit Seafood primarily argues that procedural defects, including the failure of proper service, warranted setting aside the default judgment. We disagree.

We review for an abuse of discretion a trial court's decision on a motion to set aside a default judgment. *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 24-25; 863 NW2d 333 (2014). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). Issues of statutory and court rule application are reviewed de novo. *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011).

The same principles that govern the interpretation of statutes govern the interpretation of court rules. *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). "Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation." *Id*. In other words, the statute or court rule must be enforced as plainly written. *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 560; 837 NW2d 244 (2013).

MCR 3.101 governs garnishments after judgment. In this case, plaintiff filed a request and writ for *periodic* garnishment under MCR 3.101(B)(1). Therefore, MCR 3.101(S)(2) applies and provides that "MCL 600.4012(6)-(10) governs default, default judgments, and motions to set aside default judgments for periodic garnishments." In other words, contrary to Detroit Seafood's argument, the general rule governing motions to set aside default judgments in civil actions, MCR 2.603(D), does not apply. If this case had involved a nonperiodic garnishment, Detroit Seafood's argument would be relevant. See MCR 3.101(S)(1)(a) (stating that "a default may be taken as in other civil actions."). Thus, to the extent Detroit Seafood's challenge relies on MCR 2.603(D), it is without merit.

As provided in MCR 3.101(S)(2), Detroit Seafood's motion to set aside the default judgment is governed by MCL 600.4012(6)-(10); thus, we consider whether Detroit Seafood's argument has merit under its provisions. MCL 600.4012(6)-(10) provide:

> (6) A plaintiff shall not request that a default be entered against a garnishee under a garnishment of periodic payments unless both of the following apply:

> (a) If the garnishee fails to file a disclosure within 14 days after service of the garnishment or fails to perform any other required act, the plaintiff has served

-3-

on the garnishee a notice of failure setting forth the required act or acts that the garnishee has failed to perform.

(b) The garnishee has failed, within 28 days after the date of service of the notice of failure under subdivision (a), to cure the identified failure by mailing to the plaintiff and defendant a disclosure certifying that the garnishee will immediately begin withholding any available funds pursuant to the garnishment as provided by statute or court rule, or has commenced performing any other required act.

(7) The plaintiff shall attach to a request for entry of a default as allowed under subsection (6) proof of serving the notice of failure. The plaintiff shall send a copy of the request for entry of a default by certified mail to the garnishee at the garnishee's principal place of business or registered agent.

(8) After entry of a default under subsection (6) and before entry of a default judgment, the garnishee may cure the identified failure by mailing to the court, plaintiff, and defendant a disclosure certifying that the garnishee will immediately begin withholding any available funds pursuant to the garnishment as provided by statute or court rule or that it has commenced performing any other required act.

(9) After a default has been entered under subsection (6), the plaintiff may file with the court a request for default judgment for an amount that does not exceed the full amount of the unpaid judgment, interest, and costs, as stated in the request and garnishment. The plaintiff shall send a copy of the request for default judgment by certified mail to the garnishee at the garnishee's principal place of business or resident agent.

(10) On motion of the garnishee filed within 21 days after entry of a default judgment under subsection (9), the court shall do 1 or more of the following, as applicable:

(a) If the garnishee certifies by affidavit that its failure to comply with the garnishment was inadvertent or caused by an administrative error, mistake, or other oversight and it will immediately begin withholding any available funds or immediately begin performing any other required act pursuant to the garnishment as provided by statute or court rule, reduce the default judgment to not more than the amount that would have been withheld if the garnishment had been in effect for 56 days.

(b) If any of the following circumstances exist, set aside the default judgment:

(*i*) The garnishee was not liable to the defendant for any periodic payments after service of the garnishment.

(*ii*) The garnishment, notice of failure, request for entry of a default, or request for default judgment was not properly served or sent as required by this section.

(*iii*) The notice of failure was materially inaccurate or incomplete.

Under MCL 600.4012(10)(b)(*ii*), a trial court is required to set aside a default judgment if the garnishment, notice of failure, request for entry of a default, or request for default judgment was not properly served or sent as required by MCL 600.4012. In this case, the trial court denied Detroit Seafood's motion to set aside the default judgment, finding that it was properly served. But there is no evidence that plaintiff properly served or sent the garnishment, notice of failure, request for entry of a default, or request for default judgment.

First, under MCL 600.4012(4), the garnishment and notice of failure were required to be served on the garnishee in accordance with the Michigan court rules. And MCR 3.101(F)(1) provides: "The plaintiff shall serve the writ of garnishment, a copy of the writ for the defendant, the disclosure form, and any applicable fees, on the garnishee within 182 days after the date the writ was issued in the manner provided for the service of a summons and complaint in MCR 2.105." MCR 2.105 does not address the manner of service on a limited liability company like Detroit Seafood. *Bullington*, 293 Mich App at 558. This Court has stated, however, that "[t]he court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind." *Id*. Thus, plaintiff's service of the writ of garnishment on Detroit Seafood by registered or certified mail was not proper. There is also no evidence that plaintiff served on Detroit Seafood a notice of its failure to file a disclosure pursuant to MCL 600.4012(6)(a). Even if the October 20, 2015 letter could be considered a "notice of failure," it was only mailed to Detroit Seafood's principal place of business and, thus, was not properly served or sent.

Second, there is no evidence that plaintiff complied with MCL 600.4012(7) by sending "a copy of the request for entry of a default by certified mail to the garnishee at the garnishee's principal place of business or registered agent." Additionally, there is no evidence that plaintiff complied with MCL 600.4012(9) by sending "a copy of the request for default judgment by certified mail to the garnishee at the garnishee's principal place of business or resident agent." In fact, there is no evidence that a request for entry of default was made or a request for default judgment was ever filed with the trial court. Accordingly, the garnishment, notice of failure, request for entry of a default, and request for default judgment were not properly served or sent as required by MCL 600.4012.

And we disagree with plaintiff's argument that Detroit Seafood's purported actual knowledge of the garnishment precluded the default judgment from being set aside under MCL 600.4012(10)(b).[1] The statute expressly provides that the court shall set aside the default

---

[1] While Detroit Seafood claimed to have filed the garnishee disclosure, there is no evidence that it was actually filed with the trial court (it is not listed on the court's register of actions) or sent to plaintiff.

judgment if the garnishment, notice of failure, request for entry of a default, or request for default judgment was not properly served or sent. MCL 600.4012(10)(b)(*ii*). The statute does not provide any exception in the case of the garnishee having actual notice of the garnishment. Moreover, even if Detroit Seafood's actual knowledge of the garnishment precluded it from challenging the service of the garnishment, there is no evidence that Detroit Seafood had actual notice of either a request for entry of a default or a request for default judgment.

Although the garnishment, notice of failure, request for entry of a default, and request for default judgment were not properly served or sent, MCL 600.4012(10) mandates that the garnishee file a motion to set aside a default judgment "within 21 days" after its entry. And there is evidence that Detroit Seafood was aware of the entry of the default judgment. In its brief on appeal, Detroit Seafood admits that it "was made aware of the potential action to obtain a judgment on November 16, 2015 by a letter sent to [it] by Plaintiff/Appellee." Detroit Seafood claims that the default judgment was not attached to the letter, but the November 16, 2015 letter clearly stated that a default judgment had been entered on November 16, 2015. Detroit Seafood did not, however, file its motion to set aside the default judgment until December 23, 2015. Because Detroit Seafood failed to file its motion within 21 days after entry of the default judgment, the trial court properly denied the motion to set aside the default judgment. Although the trial court denied Detroit Seafood's motion on the basis of its finding that Detroit Seafood was properly served, this Court "will not reverse when the lower court reaches the correct result, albeit for the wrong reason." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 316 Mich App 265, 278; 891 NW2d 233 (2016).

In the alternative, Detroit Seafood argues that the default judgment should be set aside under MCR 2.612 on the ground that it was void *ab initio*. In support of its argument, Detroit Seafood relies on *Dundee Cement Co v Schupbach Bros, Inc*, 94 Mich App 277, 279; 288 NW2d 379 (1979), which held: "The default was not entered, therefore the default judgment was void *ab initio*." That case, however, was decided before 1990 and, therefore, is not binding precedent. See MCR 7.215(J)(1). Moreover, this Court subsequently disagreed with *Dundee* to the extent that it created "any per se rule of good cause to reverse a default judgment due to a procedural defect of failure to enter a default[.]" *Emmons v Emmons*, 136 Mich App 157, 165; 355 NW2d 898 (1984). Accordingly, a default judgment is not void *ab initio* because a default was not entered. In *Emmons*, for example, the defendant was required to show prejudice to set aside the default judgment. See *id*. at 164-165. In any case, Detroit Seafood was required under MCL 600.4012(10) to file its motion to set aside the default judgment within 21 days after its entry which it failed to do.

Finally, plaintiff presents an alternative ground to affirm the trial court's order, arguing that Detroit Seafood waived any service of process objection by issuing a garnishee disclosure, which constituted an appearance.[2] In support of its argument, plaintiff relies on *In re Gordon*

---

[2] As Detroit Seafood notes, this argument was not raised below and is, therefore, unpreserved. See *Henderson v Dep't of Treasury*, 307 Mich App 1, 7-8; 858 NW2d 733 (2014). Nonetheless, we will address this claim because it involves a question of law and the necessary facts have

*Estate*, 222 Mich App 148, 158; 564 NW2d 497 (1997), which provides that "a party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections." However, as noted, there is no evidence that Detroit Seafood actually filed a garnishee disclosure. Moreover, MCL 600.4012(10)(b)(*ii*) expressly allows a default judgment to be set aside based on improper service, and does not condition doing so on the garnishee having failed to enter an appearance in the case. Accordingly, even if Detroit Seafood issued a garnishee disclosure and doing so constituted an appearance, Detroit Seafood was not precluded from moving to set aside the default judgment based on improper service.

In summary, although the garnishment, notice of failure, request for entry of a default, and request for default judgment were not properly served or sent, the trial court did not abuse its discretion by denying Detroit Seafood's motion to set aside the default judgment because that motion was not filed within 21 days after entry of the default judgment and, thus, was untimely.

Affirmed. Plaintiff is entitled to costs as the prevailing party. MCR 7.219(A).

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

been presented. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 387; 803 NW2d 698 (2010).