### BELLEVILLE v HANBY

Docket No. 84398. Submitted February 18, 1986, at Detroit. Decided April 2, 1986.

Nancy Belleville was injured in April, 1977, at the Shape-Up Shoppe, Inc., a fitness center. Nancy and Lawrence Belleville brought an action against the Shape-Up Shoppe, Inc., and obtained a judgment in the amount of $22,434.01 in February, 1983. The Shape-Up Shoppe, Inc., thereafter filed for bankruptcy. The Bellevilles conducted a creditor's examination and discovered what they felt to be a complete identity of interest between the corporate entity and its two stockholders, Robert Hanby and Carol Ann Stivers. The Bellevilles, in September, 1983, brought an action against Hanby and Stivers in Macomb Circuit Court, seeking to impose the corporate liability on the personal injury judgment on Hanby and Stivers on the basis that the defendants had ignored the formalities of corporate existence and thereby merged the corporate and individual identities and that the defendants had failed to pay consideration for their stock and were thereby personally liable to plaintiffs, creditors of the corporation. Defendants moved for accelerated judgment on the basis that the three-year period of limitation for personal injuries had run. Plaintiffs argued that the ten-year period of limitation for enforcement of judgments was the appropriate limitation period. The trial court, Lawrence P. Zatkoff, J., held that the three-year period was the proper period of limitation and granted the motion for accelerated judgment. Plaintiffs appealed. *Held:*

The present action against the individual stockholders was not principally geared to establishing a right to recover for a personal injury; rather, the purpose of this action was to establish that the previously secured judgment against the corporation was also a judgment against these individual defen-

REFERENCES

Am Jur 2d, Judgments §§ 945 *et seq.*

Am Jur 2d, Limitations of Actions §§ 206 *et seq.*

Running of interest on judgment where both parties appeal. 11 ALR4th 1099.

See also the annotations in the ALR3d/4th Quick Index under Limitations of Actions.

dants because they were alter egos of the corporation. Accordingly, the ten-year period of limitation was the applicable period. Since that period had not run, accelerated judgment in favor of defendants should not have been granted.

Reversed.

1. LIMITATION OF ACTIONS — APPLICABLE PERIOD OF LIMITATION — COURTS — PLEADINGS.

The focal point in determining what period of limitation controls in a particular case is the type of interest allegedly harmed; a court in making that determination should read the party's claim as a whole and should look beyond procedural labels and determine the exact nature of the claim.

2. LIMITATION OF ACTIONS — JUDGMENT CREDITORS — BANKRUPT CORPORATIONS — PIERCING THE CORPORATE VEIL.

The applicable period of limitation for an action by a judgment creditor of a bankrupt corporation against individual stockholders seeking to hold those stockholders individually liable for the judgment against the corporation on the basis that the individual stockholders ignored the formalities of corporate existence and thus the individual and corporate identities merged and that the individuals failed to pay consideration for their stock is the ten-year period of limitation governing the enforcement of judgments (MCL 600.5809[3]; MSA 27A.5809[3]).

*Carson, Fischer & Potts* (by *David William Potts* and *Bart M. Feinbaum*), for plaintiffs.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Timothy R. Sinclair*), for Robert Hanby.

*Lawrence R. Greene,* for Carol Ann Stivers.

Before: J. H. GILLIS, P.J., and T. M. BURNS and W. F. HOOD,* JJ.

PER CURIAM. Plaintiffs appeal as of right an order of the circuit court which granted defendants' motion for accelerated judgment on the basis that plaintiffs' claims were barred by the running of the statutory period of limitation.

* Circuit judge, sitting on the Court of Appeals by assignment.

On April 18, 1977, plaintiff Nancy Belleville was injured at the Shape-Up Shoppe, Inc., a fitness center. A lawsuit was filed against the corporation on March 19, 1980, and plaintiff and her husband obtained a judgment for $22,434.01. On March 31, 1983, defendant Robert Hanby, as president of the Shape-Up Shoppe, filed a Chapter 7 bankruptcy petition on behalf of the corporation. At the time, the single largest indebtedness of the corporation was the Bellevilles' judgment. On July 27, 1983, the Bellevilles conducted a creditor's examination of Robert Hanby pursuant to federal bankruptcy court rules. According to plaintiffs, the examination disclosed that there was a complete identity of interest between the Shape-Up Shoppe and its stockholders, defendants Hanby and Carol Stivers.

Plaintiffs filed the instant action on September 13, 1983, through which they sought to impose the Shape-Up Shoppe's liability on the personal injury judgment upon defendants Hanby and Stivers. Count I alleged that the defendants ignored the formalities of corporate existence, thus merging the identities of the corporation and the defendants. Count II alleged that defendants failed to pay consideration for their stock in the corporation and as a result are personally liable to plaintiffs, as creditors of the corporation, for the full amount of the judgment rendered against the corporation.

On February 15, 1985, defendant Hanby moved for accelerated judgment pursuant to GCR 1963, 116.1(5) on the basis that plaintiffs' claims were barred by the three-year period of limitation applicable to personal injury actions. Defendant Stivers was sometime thereafter allowed to join in the motion. By written order dated March 27, 1985, the trial court rejected plaintiffs' argument that the ten-year period of limitation governing the

enforcement of judgments was applicable and, thus, granted the motion for accelerated judgment.

The question presented through this appeal, then, is whether the statute of limitation which governs plaintiffs' cause of action is MCL 600.5805(8); MSA 27A.5805(8), which prescribes a period of three years after the injury to recover damages for a personal injury, or MCL 600.5809(3); MSA 27A.5809(3), which sets a ten-year period of limitation for actions founded upon judgments from the time the judgment was rendered. In determining which limitation period controls, the focus must be on the type of interest allegedly harmed. *Barnard v Dilley,* 134 Mich App 375, 378; 350 NW2d 887 (1984). The gravamen of an action is determined by reading the claim as a whole. *Adkins v Annapolis Hospital,* 116 Mich App 558; 323 NW2d 482 (1982), aff'd 420 Mich 87; 360 NW2d 150 (1984). Further, this Court will look beyond procedural labels to see exactly what a party's complaint is before deciding whether· it should be barred. *Stringer v Bd of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696; 233 NW2d 698 (1975).

Although this case presents a question of first impression in Michigan, a federal court was recently presented with a similar issue in *Wm Passalacqua Builders, Inc v Resnick Developers South, Inc,* 608 F Supp 1261 (SD NY, 1985), reh den 611 F Supp 281 (SD NY, 1985). In *Passalacqua,* the plaintiffs obtained a creditor's judgment against Resnick Developers South, Inc. Subsequently, the plaintiffs filed suit against the judgment debtor corporation and its individual owners for satisfaction of the judgment. Plaintiffs sought to impose liability upon the individual owners for the judgment obtained against the debtor corporation by relying upon a theory of piercing the corporate

veil. The individual owners moved for summary judgment, characterizing plaintiffs' complaint as one alleging fraud, thus bringing into application the six-year statute of limitation for fraud actions. The district court, however, agreed with plaintiffs that they were merely attempting to enforce a judgment against the individual owners who controlled the judgment debtor corporation by relying upon a "piercing the corporate veil" theory. The court distinguished a case cited by the individual owners, *Conklin v Furman,* 48 NY 527 (1872), with the following reasoning:

> *Conklin,* however, did not involve piercing the corporate veil. The case involved a statutory right to sue the stockholders for any balance remaining after the property of the corporation has been levied upon. The cause of action was established against the shareholders as shareholders and not as the *alter ego* or instrumentality of the corporation. This is a significant difference. Under the *alter ego* and instrumentality theories the corporation and those who have controlled the corporation are treated as but one entity. *Fisser v International Bank,* 282 F2d 231, 234 (CA 2, 1960). Thus, the statute of limitations applicable to the corporation should apply to those who are using the corporation as an instrumentality. The action accrued against both the corporation and any *alter egos* when the judgment was entered. [608 F Supp 1264.]

The *Passalacqua* court thus concluded that the statute of limitation relating to the enforcement of a judgment was applicable. See also *Caxton Printers, Ltd v Ulen,* 59 Idaho 688; 86 P2d 468 (1939).

We believe the reasoning of *Passalacqua* should be applied to the instant case. The lawsuit filed by the plaintiffs against defendants Hanby and Stivers was not one principally geared to establishing

a right to recover for a personal injury. Rather, having already obtained a judgment against the corporation on their personal injury claim, plaintiffs sought, through the lawsuit at issue here, to establish that the judgment obtained against the corporation was also a judgment against the defendants in their individual capacities. The only issues presented in this cause of action are those concerned with piercing the corporate veil and establishing that defendants were the alter egos of the corporation. At no time did plaintiffs raise the issue typically associated with a personal injury claim, i.e., that plaintiff received an injury as a result of some negligent act or omission of the defendants. Thus, in its most basic sense, this was an action to establish an identity of interest between these defendants and the Shape-Up Shoppe. Viewed in this light, we believe the applicable statute of limitation is MCL 600.5809(3); MSA 27A.5809(3), i.e., ten years from the time of rendition of the judgment. Since the instant suit was filed well within the ten-year period, the trial court erred in granting defendants' motion for accelerated judgment.

Reversed.