**AIOI SEIKI, INC., Plaintiff,**

v.

**JIT AUTOMATION, INC., JIT Automation Corp. and JIT Automation, Inc., Defendants.**

No. CIV. A. 97–40454.

United States District Court,
E.D. Michigan,
Southern Division.

July 20, 1998.

Dean M. Altobelli, Miller, Canfield, Detroit, MI, Marta A. Manildi, Miller, Canfield, Ann Arbor, MI, for Plaintiff.

Ben T. Liu, Birmingham, MI, Robert M. Kalec, Bingham Farms, MI, for Defendants.

### MEMORANDUM OPINION & ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

GADOLA, District Judge.

On April 1, 1998 this court entered an order to show cause why the instant complaint should not be dismissed for failure to comply with Fed.R.Civ.P. 69(a). Before the court is the response filed by plaintiff, Aioi Seiki Inc., on April 15, 1998. For the reasons set forth below, this court will dismiss Count I of plaintiff's complaint for failure to comply with Fed.R.Civ.P. 69(a) and Count II

of plaintiff's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## FACTS

Plaintiff, Aioi Seiki, Inc., is a corporation incorporated under the laws of Japan and with its principal place of business in Japan. The instant action involves claims against three separate defendants, JIT Automation, Inc., a Michigan corporation, ("JIT Michigan"), JIT Automation, Corp., an Illinois corporation ("JIT Illinois"), and JIT Automation, Inc., a Canadian corporation ("JIT Ontario"). JIT Michigan and JIT Illinois are both wholly owned subsidiaries of JIT Ontario.

On December 12, 1993 plaintiff entered into an Exclusive Sales Agreement with JIT Michigan which authorized JIT Michigan to become the exclusive distributor in North America of certain of plaintiff's products. A dispute arose out of JIT Michigan's purported breach of the Exclusive Sales Agreement. Plaintiff obtained an arbitration award from the Japan Commercial Arbitration Association ("JCAA") against JIT Michigan in the amount of $1,515,539.80, plus interest.

On September 6, 1996, the clerk of this court entered a judgment confirming the arbitration award. However, the judgment remains unsatisfied. Accordingly, on November 10, 1997, plaintiff filed the instant complaint in an effort to collect on the judgment.

Plaintiff's complaint contains two counts. Count I, which plaintiff characterizes as "Piercing the Corporate Veil," asserts that JIT Michigan and JIT Illinois are "the mere instrumentalities and alter egos of their sole owner and parent, JIT Ontario..." (Pl. comp. at ¶ 20.) Accordingly, plaintiff asks this court for an order declaring that plaintiff can collect on the judgment entered against JIT Michigan from both JIT Ontario and JIT Illinois. Count II, which plaintiff characterizes as a claim for "Tortious Interference with Business Relations," alleges that JIT Ontario and JIT Illinois interfered with plaintiff's business relationship with JIT Michigan. Plaintiff contends that this interference caused JIT Michigan to breach the Exclusive Sales Agreement, resulting in damages to plaintiff. On that basis, plaintiff asks this court to enter a judgment against JIT Ontario and JIT Illinois.

On December 23, 1997, JIT Illinois filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In its motion to dismiss, JIT Illinois addresses a number of substantive issues related to plaintiff's claims against it. Specifically, JIT Illinois asserts that plaintiff has failed to state a claim against JIT Illinois in Count I because the complaint alleges only that JIT Ontario controls both JIT Michigan and JIT Illinois. Accordingly, JIT Illinois asserts that there is no basis for the claim that plaintiff may pierce the corporate veil to collect from JIT Illinois. JIT Illinois also asserts that plaintiff has failed to state a claim against JIT Illinois in Count II because a claim for tortious interference with a business relationship requires the alleged interferer to be a third party to the underlying relationship. Plaintiff has alleged in its complaint that the three JIT entities acted as a single entity. JIT Illinois argues that if that claim is taken as true, any claim that JIT Illinois is a third party to a relationship between plaintiff and JIT Michigan is flawed.

On April 1, 1998 this court issued an order taking JIT Illinois's December 23, 1997 motion to dismiss under advisement and directing plaintiff to show cause why this case should not be dismissed for failure to comply with Fed.R.Civ.P. 69(a). Upon considering plaintiff's response to the show cause order, this court will dismiss Count I of plaintiff's original action for failure to comply with Fed.R.Civ.P. 69(a) and Count II for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## ANALYSIS

### I. PIERCING THE CORPORATE VEIL

█ Federal Rule of Civil Procedure 69(a) provides, in relevant part:

Process to enforce a judgment for the payment of money *shall be* a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the prac-

tice and procedure of the state in which the district court is held...

Fed.R.Civ.P. 69(a)(emphasis added).

Plaintiff asserts that ambiguity exists as to whether this action, which seeks to impose liability on parties not liable with respect to the original judgment, may be properly brought pursuant to a writ of execution under Rule 69. Plaintiff relies upon the Supreme Court's holding in *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), in which the Court refused to extend federal jurisdiction to a *separate* suit, brought to enforce a judgment. The Court reasoned that the action was supplementary to the previous proceedings and therefore, a federal court could not exercise ancillary jurisdiction over the action.

In this case, plaintiff argues that the *Peacock* decision creates ambiguity regarding the propriety of bringing an action against defendants not liable on the prior judgment in an ancillary enforcement action pursuant to Rule 69. This court finds plaintiff's argument misplaced. Like the instant action, the action in *Peacock* involved a separate suit to enforce a previous judgment, which the Court determined to be supplementary to the original action. However, the *Peacock* court held that courts should not "exercise [supplemental] jurisdiction over proceedings that are entirely new and original." *Peacock*, 516 U.S. at 358, 116 S.Ct. 862 (citing *Krippendorf v. Hyde*, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145 (1884)). Therefore, *Peacock* essentially precludes federal courts from exercising supplemental jurisdiction in a case like this one. In any case, *Peacock* provides minimal support for the proposition that an action to pierce the corporate veil, in an attempt to enforce a previous judgment, should not be brought pursuant to Rule 69.

In fact, plaintiff improperly interprets the Court's reference to Rule 69 in *Peacock*. Plaintiff asserts that the Court's decision classifies piercing the corporate veil in an effort to enforce a previous judgment as a supplementary action over which the court would be barred from exercising ancillary jurisdiction. However, Rule 69 is actually cited as a viable alternative to bringing a separate civil action to enforce a previous judgment. The Court's interpretation of Rule 69 in *Peacock* actually supports this court's previous inclination that this action need be brought pursuant to Rule 69. The Court noted that "to protect and aid the collection of a federal judgment, the Federal Rules of Civil Procedure provide fast and effective mechanisms for execution." *Id.* at 359, 116 S.Ct. 862. Accordingly, this court finds plaintiff's reliance on *Peacock* unavailing.

■ Next, plaintiff asserts that an order requiring that this action be brought pursuant to Rule 69 must be predicated upon an express determination, by this court, that Michigan law allows a party to pierce the corporate veil in garnishment proceedings.[1] Because this court believes that Michigan law permits piercing the corporate veil in a garnishment proceeding, this court will not address the issue of whether such determination is required in this case.

In *Dundee Cement Co. v. Schupbach Bros., Inc.*, 94 Mich.App. 277, 288 N.W.2d 379 (1979), the court ruled, in a garnishment proceeding, that the trial court erred in refusing to hear evidence regarding appropriateness of piercing the corporate veil of the garnishee defendant.[2] The fact that the plaintiff in *Dundee* was entitled to submit evidence regarding piercing the corporate

---

1. There is support for plaintiff's assertion. A federal district court in Illinois ruled that "[plaintiff's] attempt to pierce the corporate veil and reach [defendant's] individual assets should be made in a motion brought pursuant to Rule 69." *Flip Side Productions, Inc. v. Jam Productions Ltd.*, 125 F.R.D. 144, 146 (N.D.Ill.1989). However, the court predicated this determination upon the plaintiff's ability to pierce the corporate veil in a garnishment proceeding under relevant Illinois law. In addition, the court held, in the resulting Rule 69 proceeding that "[plaintiff's] attempt to pierce [the] corporate veil was

instituted after his judgment was entered and, accordingly, is a supplementary proceeding properly brought under Rule 69 of the Federal Rules of Civil Procedure." *Flip Side Prod., Inc.*, 1990 WL 186777 (N.D.Ill. Nov.8, 1990).

2. The court ruled that there was not ample evidence upon which the Court of Appeals could base a decision for piercing the corporate veil and that if, on remand, the case proceeded to trial, the trial court was to hear evidence regarding piercing the corporate veil. *Dundee*, 94 Mich.App. 277, 288 N.W.2d 379.

veil in a garnishment proceeding leads this court to the conclusion that Michigan law would allow plaintiff to submit such evidence in a garnishment proceeding in this case. *Id.*

There is additional support in the Michigan Court Rules for the claim that plaintiffs are allowed to pierce the corporate veil in a garnishment proceeding under Michigan law. Michigan procedural rules governing garnishment proceedings allow plaintiffs to submit evidence regarding the liability of third-party garnishee defendants not liable on the original judgment. M.C.R. 3.101(M) states:

> (1) If there is *a dispute regarding the garnishee's liability* or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions.
>
> (2) The verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer...

M.C.R. 3.101(M)(emphasis added). The statute sets forth the procedural mechanisms through which courts are to resolve disputes regarding the third-party's liability, including piercing the corporate veil to reach alter ego corporations, within the confines of garnishment proceedings. In summary, this rule, by providing relevant procedural guidelines, supports bringing an action to pierce the corporate veil in a garnishment proceeding.

Plaintiff also contends that if this court finds Michigan law permits bringing an action to pierce the corporate veil, the authority for such a determination lies within M.C.R. 3.101(G)(1)(h) and (i). These rules provide that a garnishee defendant can be liable for:

> (h) all tangible or intangible property of the defendant that, when the writ is served on the garnishee, the garnishee holds by conveyance, transfer, or title that is void as to creditors of the defendant, whether or not the defendant could maintain an action against the garnishee to recover the property; and
>
> (i) the value of all tangible or intangible property of the defendant that, before the writ is served on the garnishee, the garnishee received or

held by conveyance, transfer or title that was void as to creditors of the defendant, but that the garnishee no longer held at the time the writ was served, whether or not the defendant could maintain an action against the garnishee for the value of the property.

M.C.R. 3.101(G)(1)(h), (i). These sections of Court Rules provide that a plaintiff would be permitted to bring a claim, pursuant to a writ of garnishment, to pierce the corporate veil so as to reach the assets of an entity not otherwise liable on the original judgment. The language of the statute suggests that a plaintiff could attempt to garnish any property of the defendant that is in possession of the third-party garnishee defendant. Since an action to pierce the corporate veil seeks to disregard the separate corporate existence of a parent and subsidiary and treat them as a single entity in relation to ownership of property, it falls within the contemplation of these sections. *See United States v. Bestfoods,* —— U.S. ——, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998).

In this case, plaintiff is seeking to pierce the corporate veil and gain access to the property of JIT Michigan, which is allegedly in the possession of the garnishee defendants, JIT Illinois and JIT Ontario, by virtue of their alleged unified existence. Thus, plaintiffs are able to pursue JIT Illinois and JIT Ontario in the context of a garnishment proceeding brought pursuant to M.C.R. 3.101.

Plaintiff next attempts to persuade this court to exercise its discretion to allow this case to proceed as a separate action. Rule 69(a) provides, in relevant part, "Process to enforce a judgment for the payment of money shall be a writ of execution, *unless the court directs otherwise.*" Fed.R.Civ.P. 69(a) (emphasis added). However, plaintiff gives no evidence or argument that would suggest that the interest of the parties or judicial economy would be better served if this court allowed this action to continue as a new proceeding separate from the original judgment.

■ An action to pierce the corporate veil is not a new cause of action, but merely a

determination of whether multiple entities exist as separate entities or as mere alter egos of each other. In fact, an alter ego claim is not even, by itself, a cause of action. Rather it is a doctrine which:

[F]astens liability on the individual [or corporation] who uses a corporation merely as an instrumentality to conduct his or her own personal business, and such liability arises from fraud or injustice perpetuated not on the corporation, but on third persons dealing with the corporation.

1 Fletcher Cyclopedia on the Law of Private Corporations § 41.10 at 615 (1990) (citations omitted). *See also In re RCS Engineered Prod. Co., Inc.,* 102 F.3d 223, 226 (6th Cir. 1996); *Belleville v. Hanby,* 152 Mich.App. 548, 394 N.W.2d 412 (1986) (holding that an alter ego claim merely seeks to establish an identity of interest between two entities).

Plaintiff has already obtained a judgment against JIT Michigan for breach of contract. This action seeks no new determinations of liability or wrong-doing, but merely strives to determine whether the JIT entities are mere alter-egos of each other, which would allow the plaintiff to treat their assets as if held by a single entity. Accordingly, this action is brought supplementary to and in an effort to enforce a previous judgment of this court and should therefore be brought pursuant to Fed. R.Civ.P. 69(a).

## II. *TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS*

■ Count II alleges tortious interference with business relations. To state a cause of action for tortious interference with business relations, a plaintiff must plead and prove (1) the existence of a valid business relationship, (2) knowledge of the business relationship on the part of the defendant, (3) an intentional interference by the defendant inducing a breach or termination of the business relationship, and (4) resultant damages to the plaintiff. *BPS Clinical Laboratories v. Blue*

*Cross & Blue Shield,* 217 Mich.App. 687, 552 N.W.2d 919 (1996).

■ In addition, to maintain a cause of action for tortious interference, a plaintiff must establish that the defendant was a "third party" to the contract or business relationship. *Reed v. Metro Michigan Girl Scout Council,* 201 Mich.App. 10, 12–13, 506 N.W.2d 231 (1993)(*citing Dzierwa v. Michigan Oil Co.,* 152 Mich.App. 281, 287, 393 N.W.2d 610 (1986)). A discrepancy exists regarding the piercing claim, which requires the assertion that the entities co-exist, and the tortious interference claim, which requires the defendant be a third party to the contract.

■ Despite the fact that Fed.R.Civ.P. 8(e)(2) [3] permits pleading in the alternative, at no point in the Count II does plaintiff assert that JIT Illinois or JIT Ontario are third parties to the contract. In fact, plaintiff, in ¶ 27 of the complaint, re-asserts the allegations made in Count I, including its claims that the entities co-exist. Therefore, this claim on its face is defective.

In a strikingly similar case, the District Court for the District of Columbia dismissed a tortious interference claim because "the simple fact remains that at no point in the plaintiff's second cause of action does it actually plead in the alternative that [defendant], as a non-party, induced the breach of contract between the plaintiff and [original defendant]." *Metro D.C. Paving, Highway, and Construction Materials Council v. Roubin & Janeiro Inc.,* 1981 WL 2392 (D.D.C. May 26, 1981). Plaintiff in this case had asserted in a previous claim that JIT Illinois, JIT Ontario and JIT Michigan were one and the same entity. *Id.* In Count II, plaintiff never alleges that either JIT Illinois or JIT Ontario are separate entities that interfered with plaintiff's contract with JIT Michigan. Accordingly, this court adopts the reasoning of the *Metro D.C. Paving* court, and will

---

**3.** Rule 8(e)(2) states, in relevant part:

(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When tow or more statements are made in the alternative and one of them if made independently would

be sufficient, the pleading is not make insufficient by the insufficiency of on or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

dismiss Count II without prejudice for failure to state a claim.

### ORDER

**THEREFORE, IT IS HEREBY OR-DERED** that Count I of plaintiff's November 10, 1997 complaint is **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 69(a).

**IT IS FURTHER ORDERED** that Count II of plaintiff's November 10, 1997 complaint is **DISMISSED** without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**SO ORDERED.**