# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD GALLAGHER and JOAN
GALLAGHER,

Plaintiffs-Appellants,

v

KATHLEEN PERSHA,

Defendant-Appellee.

FOR PUBLICATION
June 9, 2016
9:00 a.m.

No.   325471
Oakland Circuit Court
LC No.   2014-142057-CK

---

EDWARD GALLAGHER and JOAN
GALLAGHER,

Plaintiffs-Appellants,

v

KAPER PROPERTIES, INC. and KATHLEEN
PERSHA,

Defendants-Appellees.

No.   327840
Oakland Circuit Court
LC No.   2012-130500-CK

---

Before:  MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

MURRAY, P.J.

In Docket No. 325471, plaintiffs, Edward Gallagher and Joan Gallagher, appeal as of right an order granting defendant Kathleen Persha's motion for summary disposition pursuant to MCR 2.116(C)(8), on the basis that plaintiffs had failed to state a claim for fraud, and concluding that plaintiffs' sole remaining claim of "piercing the corporate veil" was not viable without an underlying cause of action.

-1-

In Docket No. 327840, plaintiffs appeal by leave granted[1] an order denying their motion to reinstate a 2012 case against defendants, Kaper Properties, Inc., a Michigan real estate investment corporation ("Kaper"), and Persha, the president and sole shareholder of Kaper. We reverse the order in Docket No. 325471, and dismiss the appeal in Docket No. 327840 as moot.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a purchase agreement through which Kaper purchased plaintiffs' home subject to two existing mortgages. Plaintiffs owed more on the home than it was worth, and agreed to pay Kaper $37,000 to make up the difference between the agreed upon purchase price and the balance on the mortgages. Kaper, in turn, agreed to pay off the two existing mortgages and release plaintiffs from their debt obligations by August 30, 2012, either through the sale of the home or the refinancing of the mortgages. By August 30, 2012, plaintiffs had transferred the home to Kaper by warranty deed and paid Kaper the $37,000 owed under the purchase agreement. However, by that time the house had not been sold, Kaper had fallen behind on the mortgage payments, and neither of the existing mortgages had been satisfied as agreed.

### A. THE 2012 CASE

Plaintiffs brought a two-count complaint alleging breach of contract against Kaper, and breach of fiduciary duty against Persha, on November 13, 2012. Defendants denied that Persha was ever a party to the purchase agreement, or that Kaper was obligated under the purchase agreement to pay off the existing mortgages by a certain date. After plaintiffs' breach of fiduciary duty claim was dismissed as time barred under the statute of limitations, plaintiffs filed an amended complaint adding two additional claims against both defendants; one for fraud and misrepresentation and one titled "piercing the corporate veil." A case evaluation panel recommended an award of $290,000 to plaintiffs for all three remaining claims, against defendants jointly and severally. Plaintiffs and Kaper accepted the award, but Persha rejected it. After judgment against Kaper was entered in favor of plaintiffs in the amount of $283,110.88, the parties stipulated to dismissal of plaintiffs' remaining claims against Persha, without prejudice.

### B. THE 2014 CASE

On July 25, 2014, plaintiffs filed a three-count complaint against Persha only, raising claims of (1) fraud and misrepresentation, (2) breach of fiduciary duty, and (3) piercing the corporate veil of Kaper based on the facts presented in the 2012 case. The trial court dismissed the breach of fiduciary duty claim based on the dismissal with prejudice of the same claim in the 2012 case, and Persha filed a motion for summary disposition pursuant to MCR 2.116(C)(8) on the two remaining claims. Over plaintiffs' objection, the trial court granted defendant's motion, finding no false statement of fact in the pleadings to support a claim for fraud. The trial court

---

[1] *Gallagher v Kaper Properties Inc*, unpublished order of the Court of Appeals, entered on July 14, 2015 (Docket No. 327840).

dismissed the veil-piercing claim because it was no longer supported by an underlying cause of action. However, the trial court suggested that plaintiffs might be able to bring a veil-piercing claim based on a cause of action raised in the 2012 case:

> It's a dismissal with prejudice as to this action which is a separate cause of action that you cannot have, but I don't think it affects the original case; that if I reopen the original case, I reopen it, is it -- it's as if it was not closed, really, so this really doesn't -- even this will be without prejudice because you can't have a separate cause of action for piercing the corporate veil. If had of pled [sic], which -- and I don't remember the original complain [sic] -- if it was pled in the original case, and I reopen the original case, I mean I have to take a look at the pleadings and see. I don't know (indiscernible). This dismissal with prejudice is not necessarily gonna' [sic] affect that.

### C. MOTION TO REINSTATE THE 2012 CASE

As a result of the trial court's comments in the 2014 case, plaintiffs filed a motion to reinstate the 2012 case against Persha only, asking the trial court to reopen the prior lawsuit to enable them to pierce Kaper's corporate veil and hold Persha individually responsible for Kaper's judgment. The trial court denied plaintiffs' motion, explaining that it would not entertain the veil-piercing claim without an underlying cause of action because, under Michigan law, "there is no independent cause of action for a claim for piercing the corporate veil."

### II. ANALYSIS

### A. DOCKET NO. 325471

As noted earlier, in Docket No. 325471 plaintiffs challenge the trial court's order granting defendant's motion for summary disposition in the 2014 case. According to plaintiffs, the trial court erred when it concluded that piercing the corporate veil cannot be brought as a separate cause of action. We agree with the general principle that piercing the corporate veil is an equitable remedy rather than a cause of action, but we conclude that the rule does not apply to this case. Accordingly, for the reasons explained below, we reverse the trial court's order granting defendant's motion for summary disposition and remand for further proceedings.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Willett v Waterford Charter Twp*, 271 Mich App 38, 45; 718 NW2d 386 (2006). A party may move for summary disposition under MCR 2.116(C)(8) to challenge whether the opposing party has stated a claim on which relief can be granted. *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint based on the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Summary disposition under that court rule is appropriate only when the claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

As has been said many times before today, Michigan law respects the corporate form, and our courts will usually recognize and enforce separate corporate entities. See, e.g., *Wells v Firestone Tire and Rubber Co*, 421 Mich 641, 650-651; 364 NW2d 670 (1984) and *Seasword v*

*Hilti, Inc*, 449 Mich 542, 547-548; 537 NW2d 221 (1995) ("It is a well-recognized principle that separate corporate entities will be respected").[2] But "usually" means not *always*, and when the requisite evidence establishes that the corporate form has been abused, the corporate form will be pierced so that creditors (and sometimes others) can seek payment of a corporate debt (like the judgment in this case) from a responsible corporate shareholder. See *Florence Cement Co v Vettraino*, 292 Mich App 461, 468-469; 807 NW2d 917 (2011). Consequently, piercing the veil of a corporate entity is an equitable remedy sparingly invoked to cure certain injustices that would otherwise go unredressed in situations "where the corporate entity has been used to avoid legal obligations." *Wells*, 421 Mich at 651. It is therefore a remedy, and not a separate cause of action, something which the federal courts applying Michigan law have previously recognized. See *In re RCS Engineered Prod Co Inc*, 102 F3d 223, 226 (CA 6, 1996) and *Aioi Seiki Inc v JIT Automation Inc*, 11 F Supp 2d 950, 953-954 (ED Mich, 1998).

But this case is not controlled by that principle, for what is at issue here is how may a judgment-plaintiff procedurally pursue the piercing remedy once it is established that the corporate entity cannot pay the judgment and there is some evidence or reason to believe that the corporate form has been abused to avoid legal obligations. We know that supplementary proceedings under MCR 2.621 and MCL 600.6104(5) cannot be utilized, see *Green v Ziegelman*, 282 Mich App 292, 303-304; 767 NW2d 660 (2009) (*Green I*), but must the remedy be plead as part of the original case, or forever be barred? Or, can a new case be filed to enforce the outstanding judgment against responsible shareholders if the facts allow piercing of the corporate veil even if no separate cause of action is plead? We now turn to that dispositive issue.

Plaintiffs do not challenge the trial court's order granting summary disposition in favor of Persha on their 2014 fraud and misrepresentation claim. Instead, plaintiffs argue only that, because they filed an action to pursue piercing the corporate veil of Kaper based upon the pre-existing judgment against it, the trial court's dismissal of their complaint was erroneous. Plaintiffs principally rely on *Green I* and *Green v Ziegelman*, 310 Mich App 436; 873 NW2d 794 (2015) (*Green II*), in support of their assertion that a plaintiff may pursue an action to pierce the corporate veil of a judgment debtor and reach a responsible individual.

In *Green I*, the circuit court allowed the plaintiff to initiate a supplemental proceeding pursuant to MCR 2.621 and MCL 600.6104(5), in a closed case wherein the plaintiff had received a judgment against a corporate entity, "NZA." *Id*. at 293-294. This judgment had been entered against NZA only, though Ziegelman, a shareholder of NZA, had been a party to the prior case. *Id*. at 296-297. During the discovery period of this supplemental proceeding, the plaintiff had an opportunity to depose Ziegelman and discovered evidence indicating Ziegelman's personal liability on the previously raised claims. *Id*. at 297. The circuit court granted the plaintiff's motion to pierce the corporate veil and hold Ziegelman liable for the previous judgment against NZA, citing MCL 600.6104 as authority for its entry of a judgment

---

[2] The Supreme Court has recognized the many social and economic benefits resulting from respecting the corporate form. *Klager v Robert Meyer Co*, 415 Mich 402, 411 & n 5; 329 NW2d 721 (1982).

against Ziegelman individually. *Id*. at 298-299. This Court reversed the circuit court's decision and vacated the judgment against Ziegelman, explaining:

> MCL 600.6104(5) begins with very broad language, allowing the court, at its "discretion," to make "any order" that "seems appropriate." But these actions must relate to "carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any *judgment debtor* to the satisfaction of any judgment against the *judgment debtor*." *Id*. (emphasis added). Ziegelman was not a judgment debtor in regard to breach of the architectural agreement; the judgment debtor was solely NZA. The circuit court essentially used a proceeding supplementary to judgment to enter an additional judgment against a party not previously subject to a judgment on the claim at issue. MCR 2.621 and [MCL 600.6104] do not provide any authority for such a ruling in the context of piercing the corporate veil. [*Id*. at 303-304.]

Particularly important to this case, the *Green I* Court declined to answer "the questions whether plaintiffs are legally entitled to file a new and separate action against Ziegelman, outside [MCL 600.6104], under a corporate veil piercing theory and whether res judicata or the compulsory joinder rule, MCR 2.203, would bar such an action." *Id*. at 305. See also, *Green II*, 310 Mich App at 438 (recognizing that the *Green I* Court did not decide whether an independent action could be filed to pierce the corporate veil). Consequently, the *Green I* Court did not answer the question presented in this case.[3]

Interestingly, the parties in *Green I* were back before this Court six years later on an appeal from a judgment entered against Ziegelman after the court pierced the corporate veil. In *Green II* plaintiffs filed a suit in 2010 against Ziegelman and Ziegelman Architects, seeking to pierce the corporate veil and hold Ziegelman responsible for the judgment entered against Ziegelman Architects after an arbitration, but the parties eventually stipulated to dismiss the case without prejudice. *Id*. But in 2012 plaintiffs reinstated the case, again asking the trial court to disregard Ziegelman Architect's corporate existence, and to hold Ziegelman liable for the judgment. *Id*. at 439. Plaintiffs also alleged that certain transfers of Ziegelman Associates monies violated two separate state laws, the Uniform Fraudulent Transfer Act, MCL 566.31 et seq., and the Business Corporation Act, MCL 450.1101 et seq. *Id*. After a bench trial, the trial court found that the corporate form should be disregarded, that the actions of defendants violated the two state laws, and entered a judgment finding defendants' jointly and severally liable for the prior judgment. *Id*. at 442-443.

On appeal, our Court addressed two issues: the applicability of res judicata, and whether the evidence was sufficient to pierce the corporate veil. This Court resolved the res judicata

---

[3] Nor did *Aioi Seiki Inc*, 11 F Supp 2d at 953-954 (holding that because a piercing of the corporate veil action is not a new cause of action but merely a means of determining whether multiple entities exist as separate entities or were mere alter egos of each other, it is supplementary in nature to the original action and should be brought pursuant to federal rules of civil procedure 69(a)).

issue against Ziegelman, concluding that the request to pierce the corporate veil could not have been made in the earlier lawsuit, *id.* at 444-445, and also upheld the trial court's legal and factual findings and its conclusion that the corporate veil for Ziegelman Architects should be pierced. *Id.* at 465. And because of that resolution, the Court determined that it was unnecessary to decide whether the trial court erred in finding Ziegelman liable for violating the two separate statutes. *Id.* at 465-466. Consequently, the *Green II* Court neither addressed nor decided whether a separate action can be filed seeking to pierce the corporate veil of a corporate entity in order to hold an individual corporate member personally liable for a judgment against the corporation.

Another case tangentially touching on this issue is *Belleville v Hanby*, 152 Mich App 548; 394 NW2d 412 (1986)[4], where the plaintiff filed a lawsuit in 1980 against the corporate entity Shape-Up Shoppe Inc., which resulted in a judgment in excess of $20,000. Several years later, during a creditor's exam in a federal bankruptcy proceeding, plaintiffs learned that there was a complete identity of interest between the corporate entity and its stockholders, including defendants Hanby and Stivers. *Id.* at 550. After that discovery, plaintiffs filed a new action "through which they sought to impose the Shape-Up Shoppe's liability on the personal injury judgment upon defendants Hanby and Stivers." *Id.* The complaint contained two counts, one alleging that defendants ignored the corporate formalities and thus merged the identities of the corporation and the individual defendants, while a second count alleged that defendants failed to pay consideration for corporate stock and were therefore personally liable as creditors of the corporation. *Id.*

The issue presented to the trial court was whether the three-year statute of limitation to recover for personal injuries, MCL 600.5805(8), or the ten-year period of limitation for actions found upon judgments, MCL 600.5809(3), applied. *Id.* at 551. The Court concluded that the ten-year limitations period applied because the second suit was not one seeking recovery for a personal injury, as that had already occurred when the judgment was entered in the earlier case, but was instead one seeking to enforce the judgment against an individual:

> The lawsuit filed by the plaintiffs against defendants Hanby and Stivers was not one principally geared to establishing a right to recover for a personal injury. Rather having already obtained a judgment against the corporation and on their personal injury claim, plaintiffs sought, through the lawsuit at issue here, to establish that the judgment obtained against the corporation was also a judgment against the defendants and their individual capacities. The only issues presented in the cause of action are those concerned with piercing the corporate veil and establishing that defendants were the alter egos of the corporation . . . thus, in its

---

[4] *Belleville* is the only published case that was cited by both federal courts for the proposition that under Michigan law piercing the corporate veil is a remedy, and not a separate cause of action. See *In re RCS Engineered Prod Co Inc*, 102 F3d at 226 and *Aioi Seiki Inc*, 11 F Supp 2d at 953-954.

most basic sense, this was an action to establish an identity of interest between these defendants and the Shape-Up Shoppe. [*Id*. at 552-553.]

Consequently, the *Belleville* Court recognized the distinction between the initial rights asserted through a cause of action that lead to the original judgment against a corporate entity, and the subsequent action to enforce that judgment against an individual because of the lack of formal corporate identity. See also *Bodenhamer Bldg Corp v Architectural Research Corp*, 873 F2d 109, 112-113 (CA 6, 1989).

None of these prior decisions address the precise issue here, though they do provide some insight on the issue. But appellate courts in our sister states have addressed the issue, and as recognized by the *Green I* Court, one case, *Miner v Fashion Enterprises, Inc.,* 342 Ill App 3d 405, 415; 794 NE2d 902 (2003), set forth the following principle:

We do note that in *Miner*, *supra* at 415, the Illinois Appellate Court ruled that "a judgment creditor may choose to file a new action to pierce the corporate veil of a judgment debtor in order to hold individual shareholders and directors liable for a judgment against the corporation." [*Green I*, 282 Mich App at 304-305.]

See also *Westmeyer v Flynn*, 382 Ill App 3d 952, 956; 889 NE2d 671 (2008) (recognizing holding in *Miner* that a judgment creditor can file a new action to seek to pierce the corporate veil of a judgment debtor and hold individual shareholders and directors liable).

The Kentucky Supreme Court has also opined on the issue. In *Inter-Tel Technologies v Linn Station Properties LLC*, 360 SW3d 152 (Ky, 2012), defendant Linn Station Properties had previously obtained a default judgment against Integrated Telecom Services, a wholly owned subsidiary of plaintiff Inter-Tel Technologies. Linn Station then filed a new case seeking to enforce the Linn Station judgment against Inter-Tel under a piercing the corporate veil theory, which the Kentucky Supreme Court held was an appropriate procedure:

Beginning with the second point, there is nothing inappropriate about proceeding first to secure a judgment as to the actual debtor and, upon determining that the debtor has no assets and its corporate shield may be vulnerable, then bringing a piercing suit against those who actually control the corporation and have rendered it judgment-proof. *Sea–Land* is but one of many examples of piercing litigation that followed earlier debt collection litigation against the actual debtor. 941 F 2d at 519. *See also Bodenhamer Bldg Corp v Architectural Research Corp*, 873 F2d 109 (CA 6, 1989) (applying Michigan law); *Wm Passalacqua Builders, Inc*, 933 F2d at 131; *Durrant v Quality First Mktg, Inc*, 127 Idaho 558; 903 P2d 147 (Idaho Ct App, 1995); *Davenport v Quinn*, 53 Conn App 282; 730 A 2d 1184 (1999). * * * *See also Miner v Fashion Enters, Inc.*, 342 Ill App 3d 405; 794 NE2d 902 (2003) ("[J]udgment creditor could use supplementary proceedings to discover whether the judgment debtor corporation's individual shareholders and directors held assets of the corporation, or the judgment creditor could choose to file a new action to pierce the corporate veil in order to hold the individual shareholders and directors personally liable for the judgment of the corporation."). There is no valid basis for precluding a piercing action simply because the claim

-7-

was not part of the original debt collection suit. In some cases, the creditor may know enough to proceed against all potentially liable parties but, in other instances, it may be appropriate to obtain the judgment first and only when it proves uncollectible then seek relief through veil-piercing litigation. [*Inter-Tel*, 360 SW3d at 168-169 (footnotes omitted)].

Importantly, there were no unique statutes, court rules, or other laws relied upon by the courts in either Illinois, Kentucky, or the other states cited by the *Inter-Tel Technologies* court that specified a procedural mechanism to initiate piercing the corporate veil, and that would differentiate the circumstances in those states from those at issue in Michigan.

In light of all the foregoing, we hold that plaintiffs were entitled to bring a new action in an attempt to enforce the prior Kasper judgment against Persha. While we continue to recognize that piercing the corporate veil is merely a remedy to be applied in certain limited circumstances, the concern that there be a separate cause of action to support this type of equitable relief does not arise when, as in this case, there already exists a judgment based on one or more causes of action. See *Union Guardian Trust Co v Rood*, 308 Mich 168, 172; 13 NW2d 248 (1944) (recognizing that when a cause of action is reduced to a judgment, the cause of action is merged into the judgment and thereafter only an action on the judgment exists). In other words, a party certainly needs to successfully pursue a cause of action before it can pursue a remedy, but "having already obtained a judgment against the corporation on their personal injury claim, plaintiffs sought, through the lawsuit here, to establish that the judgment obtained against the corporation was also a judgment against the defendants in their individual capacities." *Belleville*, 152 Mich App at 553.

Courts from our sister states have similarly recognized the difference between the cause of action needed to support a judgment, and the separate and independent requirements for piercing the corporate veil. In *Estate of Hurst v Moorehead I, LLC*, 228 NC App 571; 748 SE2d 568 (2013), for example, plaintiff sued both a corporate and individual defendant (Blackmon), and returned a verdict finding amongst other things that the corporate defendant breached a promissory note. *Estate of Hurst*, 228 NC App at 574. Based on the jury verdict, the trial court concluded that Blackmon was the alter ego of the corporate entity, and held both liable for the damages awarded in the judgment. *Id*. Blackmon moved for judgment notwithstanding the verdict, arguing that he could not be held liable for the damages because the jury did not find liability against him on the promissory note, nor did it find he committed fraud or unfair trade practices, as its findings on those were only against the corporate entity. *Id*. at 574-575. The trial court denied the motion, and the court of appeals affirmed, holding that the findings by the jury on the breach of contract and fraud claims were not necessary to support piercing the corporate veil, which looked to different concerns and contained different elements:

First, while a finding that an individual member of a limited liability company personally engaged in certain conduct, such as fraud or misrepresentation, is necessary to support the imposition of individual liability against that member under N C Gen Stat § 57C–3–30(a), a finding of actual fraud against an individual member is not required to support the imposition of alter ego liability under the instrumentality rule. Rather, the requisite element for piercing the corporate veil under the instrumentality rule requires a finding that the individual member used

-8-

his control over the entity "to commit fraud *or wrong,* to perpetrate the violation of a statutory or other positive legal duty, *or a dishonest and unjust act in contravention of [the] plaintiffs' legal rights[.] " Glenn,* 313 NC at 455, 329 SE2d at 330 (emphasis added) (internal quotation marks and citation omitted). A showing of actual fraud, in its legal sense, is not a necessary element for the court to pierce the corporate veil. Therefore, the jury's findings addressing fraud are immaterial to their findings addressing breach of contract and piercing the corporate veil.

Similarly, an award of actual damages for claims of fraud and/or unfair and deceptive trade practices is likewise inconsequential to imposing alter ego liability under the instrumentality rule for a breach of contract claim. The requisite element for piercing the corporate veil under the instrumentality rule requires a finding that the individual member's control over the entity and breach of duty "must proximately cause the injury or unjust loss complained of." *Id.* (internal quotation marks and citation omitted). The jury awarded plaintiffs $4.9 million in actual damages on their breach of contract claim. The fact that the jury awarded only nominal damages to plaintiffs on their claims for fraud and unfair and deceptive trade practices has no bearing on the trial court's ability to pierce the corporate veil and hold Blackmon liable for the breach of contract damages awarded by the jury against Moorehead I. [*Id.* at 579.]

Likewise, in *Acadia Partners LP v Tompkins,* 759 So2d 732, 740 (Fla App, 2000), the Florida appeals court ruled that verdicts that (1) found no liability against the individual defendant, but (2) pierced the corporate veil of the corporate defendant and held the individual liable for the damages awarded against the corporate entity were not inconsistent since "there was no impediment to a finding of liability on the corporate veil claim even where no liability was assessed on the other claims."

These cases make sense, as they are consistent with the theory of liability created through piercing the corporate veil. A corporate veil is pierced and liability imposed upon an individual shareholder or officer not because the shareholder or officer was necessarily liable under the cause of action resulting in the judgment against the corporation. See *Green II*, 310 Mich App at 451-452 (rejecting argument that court could not pierce the corporate veil in the absence of finding that individual caused the entity to commit the particular wrong at issue). Instead, liability is imposed because the fact finder has concluded that the individual so misused the corporation that it was unable to pay on the outstanding judgment and an injustice would occur if it the corporate form was not ignored. *Id.* at 452-454. The *Green II* Court concluded as much when reviewing Michigan Supreme Court precedent on the issue:

Because the evidence in [*People ex rel Attorney General v Mich Bell Tel Co*, 246 Mich 198; 224 NW 438 (1929)] showed that American Telephone and Telegraph operated Michigan Bell as a mere instrumentality and did so "to avoid full investigation and control by the public utilities commission of the State to the injury of the public," the Court disregarded the separate existence of Michigan Bell and voided the contract between Michigan Bell and American Telephone and Telegraph. *Id.* at 204–205. *It was unnecessary to show that the owners used the*

*entity directly to commit a fraud or other wrong; it was sufficient to show that the continued recognition of the entity's separate existence under the circumstances would amount to a wrong or be contrary to public policy.* [*Id.* at 452; emphasis supplied in part.]

As a result, when a judgment already exists against a corporate entity, an additional cause of action is not needed to impose liability against a shareholder or officer if a court finds the necessary facts to pierce the corporate veil.

Other than to state that a separate cause of action is required in order to pursue the remedy of piercing the corporate veil, and we have rejected that argument, defendants have pointed to no law that prohibits plaintiffs from filing this second suit against Persha and seeking to pierce Kasper's corporate veil. Certainly Persha was not off limits to a new lawsuit, as the first case against her was dismissed without prejudice. See *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 509–510; 686 NW2d 770 (2004), overruled in part on other grounds by *Titan Ins Co v Hyten*, 491 Mich 547 (2012). And, as we noted earlier, actions to enforce judgments are specifically permitted by the common law. See *Netting Co v Touscany*, 247 Mich 279, 282; 225 NW 556 (1929) (recognizing a common law action to recover on a personal judgment) and *Union Guardian Trust Co*, 308 Mich at 172. Judgment creditors like plaintiffs should also not be *required* to pursue a piercing remedy in the first lawsuit or face losing that remedy, as a party should first have facts to support any claim or remedy before pursuing it. See MCR 2.114(E) and *Inter-Tel*, 360 SW3d at 169 n 11. A plaintiff cannot presume at the time of filing that (1) a corporate entity will fail to pay a valid judgment entered at the end of a case and (2) that the corporate form was being abused to subvert justice, and therefore plead piercing the corporate veil as a remedy no matter the set of facts (again, see MCR 2.114(E)), as oftentimes the improprieties that lead to pursuing a piercing remedy do not come to light during the initial lawsuit. See *Belleville*, 152 Mich App at 550. We therefore hold that the trial court erred in dismissing the 2014 case, and remand for further proceedings.

Although plaintiffs discuss the merits of their veil piercing claim at length in their brief on appeal, because the trial court's order was based on plaintiffs' failure to state a legally cognizable claim, MCR 2.116(C)(8), it did not reach plaintiffs' argument on its merits. Because appellate review is limited to issues that the lower court actually decided, *Detroit Leasing Co v City of Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005), we choose not to review the merits of the argument. On remand the trial court will have the opportunity to consider the merits of plaintiffs' arguments.

## B. DOCKET NO. 327840

In Docket No. 327840, plaintiffs challenge the trial court's order denying their motion to reinstate the 2012 case against Persha. Plaintiffs argue that, because they "properly requested the circuit court to pierce the corporate veil of Kaper and hold Persha liable" on the previous judgment, the trial court erred when it denied their request. However, because plaintiffs will now be allowed to pursue the piercing remedy in the 2014 case, they have obtained full relief and we need not address the issues raised in this appeal.

In Docket No. 325471 we reverse the trial court's order and remand for further proceedings. We dismiss the appeal in Docket No. 327840 as moot. We do not retain jurisdiction.

Neither party may tax costs, an issue of first impression being involved. MCR 7.219(A).


/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan