# STATE OF MICHIGAN

# COURT OF APPEALS

MORGAN MUDGE and KIRA MUDGE,

   Plaintiffs/Counter-defendants-
   Appellees,

v

RADZWION HOLDINGS, INC doing business as
TRG CONSTRUCTION SERVICES,

   Defendant/Counter-plaintiff-
   Appellant.

UNPUBLISHED
May 8, 2018

No. 337360
Livingston Circuit Court
LC No. 15-028588-CB

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Radzwion Holdings, LLC, doing business as TRG Construction Services, appeals by leave granted[1] the trial court's order denying its motion to quash or modify a subpoena issued by plaintiffs, Morgan and Kira Mudge, following the entry of a judgment in their favor. For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

In the proceedings below, Radzwion Holdings contended that the subpoena should be quashed or modified because it sought personal information relating to Brandon Radzwion, who is the sole member of the defendant LLC. Radzwion Holdings asserted that its corporate veil had not been pierced and because Radzwion was not a judgment debtor, the information relating to Radzwion's personal assets was not subject to discovery. The trial court, relying on *Gallagher v Persha*, 315 Mich App 647; 891 NW2d 505 (2016), concluded that the Mudges could seek Radzwion's personal information in order to determine whether the corporate veil could be pierced. This appeal follows.

---

[1] *Mudge v Radzwion Holdings, LLC*, unpublished order of the Court of Appeals, entered August 14, 2017 (Docket No. 337360).

## II. MOTION TO QUASH

### A. STANDARD OF REVIEW

Radzwion Holdings argues that the court abused its discretion by denying its motion to quash or modify the subpoena. We review for an abuse of discretion a trial court's decision on whether to quash a subpoena. *Fette v Peters Const Co*, 310 Mich App 535, 547; 871 NW2d 877 (2015). An abuse of discretion occurs when a court "chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. A trial court abuses its discretion when it inappropriately applies the law. *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 263; 833 NW2d 331 (2013).

### B. ANALYSIS

Michigan law respects the corporate form, and the courts generally recognize and enforce separate corporate entities. *Gallagher*, 315 Mich App at 653-654. Business entities are generally treated as legal entities that are distinct from their shareholders, even where just one person owns all of the corporation's stock. *Foodland Distributors v Al-Naimi*, 220 Mich App 453, 456; 559 NW2d 379 (1996). A member or manager of an LLC is generally not liable for the acts, debts, or obligations of the LLC. *Duray Dev LLC v Perrin*, 288 Mich App 143, 151; 792 NW2d 749 (2010); MCL 450.4501(4). However, the courts may ignore the legal fiction of an LLC if it is used to avoid liability. *Florence Cement Co v Vettraino*, 292 Mich App 461, 469; 807 NW2d 917 (2011). When the legal form of a business is abused, it will be pierced to allow creditors to satisfy payment of corporate debt from a responsible corporate member. *Gallagher*, 315 Mich App at 654. Piercing the corporate veil is an equitable remedy, which is used sparingly to remedy injustices that would otherwise not be cured in those situations where the corporate form has been used to avoid legal responsibilities. *Id*. It is a remedy, not a separate cause of action. *Id*. "In order for a court to order a corporate veil to be pierced, the corporate entity (1) must be a mere instrumentality of another individual or entity, (2) must have been used to commit a wrong or fraud, and (3) there must have been an unjust injury or loss to the plaintiff." *Florence Cement Co*, 292 Mich App at 469.

Here, relying on *Gallagher*, the trial court concluded that the discovery request against Radzwion was proper despite the fact that he was not a party to the judgment and despite the fact that Radzwion Holdings's corporate veil had not been pierced. However, this case is actually governed by *Green v Ziegelman*, 282 Mich App 292, 303-304; 767 NW2d 660 (2009). In *Green*, the plaintiffs sued two corporations and the sole shareholder of both; however, the judgment was entered solely against one of the corporations. *Id*. at 293-294. The plaintiffs sought financial information from the corporation, and, based on the information received, they contended that there was a basis for piercing the corporation's corporate veil and holding the sole shareholder personally liable. *Id*. at 297-298. The trial court agreed and entered an order making the sole shareholder personally liable for the amount of the judgment against the corporation. *Id*. at 297.

The defendants appealed, challenging the entry of the judgment against the shareholder. *Id*. at 299. This Court held that the plaintiffs could not utilize a proceeding supplementary to the initial judgment to obtain a judgment holding the shareholder personally liable where there was no underlying arbitration award or judgment against him. *Id*. This was because the provision of

the statute upon which the plaintiffs relied, MCL 600.6104(5), permitted a judge to "[m]ake any order" that seemed appropriate in regard to "carrying out the full intent and purpose of these provisions subject to any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor." *Id*. at 303, quoting MCL 600.6104(5). The shareholder, however, was not a judgment debtor on the judgment arising from the breach of the agreement, and instead, the corporation was the sole judgment debtor. *Id*. Thus, "[t]he circuit court essentially used a proceeding *supplementary to judgment* to enter an additional judgment against a party not previously subject to a judgment on the claim at issue," and because that was improper, this Court vacated the judgment against the shareholder. *Id*. at 303-304.

Applying the holding from *Green* to this case, it is clear that the trial court lacked authority to order Radzwion to release his personal information to the Mudges. Radzwion was not a named party in the underlying lawsuit and he is not a judgment debtor. Thus, by ordering Radzwion to release his personal information, the court was essentially using a proceeding supplementary to judgment to enter an order against a non-judgment debtor, despite that action being prohibited by *Green*.

Furthermore, *Gallagher* does not permit a trial court to enter judgment against a non-judgment-debtor in a proceeding supplemental to judgment. Rather, it answers the unanswered question from *Green*: whether an independent claim can be brought against the individual to hold him or her personally liable for the judgment against the individual's corporation or other business entity. See *Green*, 282 Mich App at 305 n 7.

In *Gallagher*, the plaintiffs first brought suit against a corporation and its sole shareholder, but only obtained a judgment against the corporation. *Gallagher*, 315 Mich App at 651. The case against the shareholder was dismissed without prejudice. *Id*. About two years later, the plaintiffs brought suit against the shareholder, raising claims for fraud, misrepresentation, and breach of fiduciary duty; the plaintiffs also sought to pierce the corporate veil of the corporation and hold the shareholder personally liable. *Id*. at 651. The trial court, however, dismissed the claims. *Id*. at 651-652. With regard to the claim for "piercing the corporate veil," the court held that it was not a separate cause of action, so it could not be maintained without an underlying claim. *Id*. at 652. On appeal, this Court held that although "piercing the corporate veil is merely a remedy to be applied in certain limited circumstances," "plaintiffs were entitled to bring a new action in an attempt to enforce the prior judgment against [the shareholder]." *Gallagher*, 315 Mich App at 661-662. After examining other jurisdictions' approaches to similar problems, this Court reasoned that it makes sense to impose liability on individuals who were not parties of the underlying cause of action "because the fact-finder has concluded that the individual so misused the corporation that it was unable to pay on the outstanding judgment and an injustice would occur if the corporate form was not ignored." *Id*. at 664. This Court also stated that "when a judgment already exists against a corporate entity, an additional cause of action is not needed to impose liability against a shareholder or officer if a court finds the necessary facts to pierce the corporate veil." *Id*. at 665. This pronouncement, taken out of context, suggests that a new cause of action is not necessary if a court can make findings necessary to pierce the corporate veil. It arguably provides some support for the lower court's action of allowing discovery against Radzwion to see if such a claim could be substantiated. However, this pronouncement was made after the Court discussed cases in which the individual had been named as a party in the lawsuit and was found not personally liable, but

the facts from the lawsuit nonetheless indicated that there was a basis for piercing the corporate veil. It does not have any application here where Radzwion was never named as a party and where there is no indication that any evidence from the lawsuit leading to the underlying judgment would have supported piercing the corporate veil.

Based on *Green* and *Gallagher*, the procedure the Mudges are pursuing in this case is improper because they did not join Radzwion in their original suit and, in any event, did not allege or establish facts necessary to pierce the corporate veil in their original suit. They have not brought a new suit to collect on their judgment through which they could try to establish these necessary facts. See *Green v Ziegelman*, 310 Mich App 436, 457; 873 NW2d 794 (2015) (stating that whether the corporate veil should or should not be pierced is dependent on the totality of the circumstances). Therefore, under the present circumstances, the trial court abused its discretion by not quashing the subpoena as it pertained to Radzwion in his individual capacity.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien